UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )   CRIMINAL NO. 09-10166-MLW
                                   )
SALVATORE F. DIMASI,               )
JOSEPH P. LALLY, JR.,              )
RICHARD W. MCDONOUGH, and          )
RICHARD D. VITALE,                 )
            Defendants.            )

### UNITED STATES' MEMORANDUM IN SUPPORT OF
### MOTION FOR POST-INDICTMENT RESTRAINING ORDER

On June 2, 2009, a federal grand jury sitting in the
District of Massachusetts returned an Indictment charging
Salvatore F. Dimasi, Joseph P. Lally, Jr., Richard W. McDonough,
and Richard D. Vitale (the "Defendants") with Conspiracy, in
violation of Title 18, United States Code, Section 371 (Count
One); Honest Services Mail Fraud, in violation of 18 U.S.C.
§§ 1341, 1346 and 2; (Counts Two through Four); and Honest
Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 and
2 (Counts Five through Eight).[1]  The Indictment also alleges
criminal forfeiture of certain assets, pursuant to 18 U.S.C.
§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).  In order to preserve the
status quo with respect to the real properties specifically named
in the Indictment as forfeitable to the United States while this
case is pending, the United States now seeks an order restraining

---

[1]Defendant Joseph P. Lally, Jr., was also charged with Money
Laundering, in violation of 18 U.S.C. §§ 1957 and 2 (Count Nine).

the transfer, alienation, concealment, or dissipation of the real

properties.  The forfeiture statutes expressly authorize this

Court to issue such post-indictment orders.  See 28 U.S.C.

§ 2461(c) (incorporating 21 U.S.C. § 853(e)(1)(A)).

A.    What Is Forfeitable

The applicable forfeiture statute in this case provides that

the following property is subject to forfeiture to the United

States:  "any property, real or personal, which constitutes or is

derived from proceeds traceable to...any offense constituting

'specified unlawful activity' (as defined in [18 U.S.C.

§ 1957(c)(7)]), or a conspiracy to commit such offense".  18

U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) (providing for

criminal forfeiture of any property subject to civil forfeiture).

Mail fraud and wire fraud are specified unlawful activities, as

defined under 18 U.S.C. § 1956(c)(7).  See 18 U.S.C.

§ 1956(c)(7)(A), incorporating 18 U.S.C. § 1961(i).

In the Indictment, the grand jury charged this statutory

language, and also found probable cause to forfeit certain

specific listed assets on one or more of the bases set forth in

the statutes, including:

      a.    the real property, with all rights appertaining
           thereto, known as 220 Commercial Street, Apt. 5B,
           Boston, Massachusetts, having a Residential Condominium
           Unit Deed recorded at the Suffolk County Registry
           District of the Land Court as Document No. 638614; and

     b.    the real property, with all rights appertaining thereto, known as 4 Oliver Swain Road, North Reading, Massachusetts, having a Massachusetts Quitclaim Deed recorded at the Middlesex (Southern District) Registry of Deeds in Book 38867, Page 426,

(collectively, the "Real Properties"). Although the Indictment also contained language providing for the forfeiture of so-called "substitute assets," the Real Properties which the United States now seeks to restrain were named in the Indictment as directly forfeitable to the United States.

B.    <u>"Relation Back"</u>

The property forfeitable under Section 981 is the "property" (a term defined very broadly in the statutes) of defendants convicted of violating Sections 371, 1341 and 1343. However, 21 U.S.C. § 853(c), made applicable to forfeitures under Section 981(a)(1)(C) by 28 U.S.C. § 2461(c), severely limits the ability of a defendant, once having generated or obtained forfeitable property at any time as a result of criminal activity, to transfer such property effectively to any other person:

> <u>All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section.</u> Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(c)(emphasis added).

3

Under this "relation back" provision, as applied to this case, title to the proceeds, of the Defendants' crimes and assets traceable thereto, is deemed to have vested immediately in the United States upon the commission of the crimes giving rise to forfeiture. Such assets became forfeitable at that same point in time, and have continued to be forfeitable "property of" the Defendants, no matter to whom the assets have been conveyed, and no matter in whose names the assets may currently be held, unless the assets are proven to have been effectively transferred to a third party. Such a transfer is effective only if it was (i) for value; (ii) to a <u>bona fide</u> purchaser; (iii) who was without reason to know of the Defendant's illegal activities. 21 U.S.C. § 853(c).

C.   Post-Indictment Restraint

Title 21, United States Code, Subsection 853(e)(1)(A), made applicable to forfeitures under 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c), provides that upon application of the United States after the filing of an Indictment charging violations of Sections 371, 1341 and 1343 and alleging that certain property would, in the event of conviction, be subject to forfeiture, the district court "may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this

4

section...."  21 U.S.C. § 853(e)(1)(A); 28 U.S.C. § 2461(c).

Unlike Section 853(e)(1)(B), which permits restraint of assets prior to indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a post-indictment restraining order, like the one now sought by the United States in this case, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable.  United States v. Monsanto, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property ... based on a finding of probable cause, when we have held that (under appropriate circumstances), the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense.").  In addition, while pre-indictment restraints typically require the submission of affidavits and other supporting materials to the court, on an application for a post-indictment restraining order, "the indictment itself establishes the merits of the government's case."  United States v. Real Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995) (construing 21 U.S.C. § 853(e)); see United States v. Jenkins,

974 F.2d 32, 35 (5th Cir. 1992) (post-indictment petition for restraining order "stands on a stronger footing than a pre-indictment petition"), cert. denied, 507 U.S. 985 (1993).

Moreover, although the "may" appearing in Subsection 853(e)(1) suggests some amount of discretion with respect to post-indictment restraining orders, the Supreme Court has stated that such discretion is actually quite limited. Construing Section 853 in Montsanto, the Supreme Court ruled that it was error to import "traditional principles of equity" and related equitable balancing tests into the process of issuing and reviewing forfeiture restraining orders:

> This reading seriously misapprehends the nature of the provisions in question. As we have said, [21 U.S.C.] § 853(a) is categorical .... Under § 853(e)(1), the trial court "may" enter a restraining order if the United States requests it, but not otherwise, and it is not required to enter such an order if a bond or some other means to "preserve the availability of property described in subsection (a) of this section for forfeiture" is employed. Thus, § 853(e)(1)(A) is plainly aimed at implementing the commands of § 853(a) and cannot sensibly be construed to give the district court discretion to permit the dissipation of the very property that § 853(a) requires be forfeited upon conviction.
> .... Whatever discretion Congress gave the district courts in §§ 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: "to preserve the availability of property ... for forfeiture." We cannot believe that Congress intended to permit the effectiveness of the powerful "relation-back" provision of § 853(c), and the comprehensive "any property ... any proceeds" language of § 853(a), to be nullified by any other construction of the statute.
> This result may seem harsh, but we have little doubt that it is the one that the statute mandates. Section 853(c) states that "[a]ll right, title, and interest in [forfeitable] property ... vests in the United States upon

6

the commission of the act giving rise to forfeiture." <u>Permitting a defendant to use assets for his private purposes that, under this provision, will become the property of the United States if a conviction occurs cannot be sanctioned.</u>

491 U.S. at 612-13 (emphasis added). The Court rejected the argument that because the legislative history was "silent" on the issue of attorneys' fees, it should construe the statute as exempting such fees from restraint and forfeiture:

> [T]he legislative history and congressional debates are similarly silent on the use of forfeitable assets to pay stockbroker's fees, laundry bills, or country club memberships; no one could credibly argue that, as a result, assets to be used for these purposes are similarly exempt from the statute's definition of forfeitable property.  The fact that the forfeiture provision reaches assets that could be used to pay attorney's fees, even though it contains no express provisions to this effect, "'does not demonstrate ambiguity'" in the statute: "'It demonstrates breadth.'"

<u>Id.</u> at 608-09 (citations omitted).

As set forth above, a grand jury has returned an Indictment alleging forfeiture of the Real Properties.  Pursuant to Section 853(e)(1)(A), the United States is therefore entitled to a restraining order to preserve the availability of the Real Proeprties for forfeiture in this action.

### CONCLUSION

In order to preserve the status quo with respect to the Real Properties specifically named as forfeitable in the Indictment,

7

the United States requests that the Court allow its Motion for
Post-Indictment Restraining Order.  A proposed Restraining Order
is submitted herewith.

Respectfully submitted,

MICHAEL K. LOUCKS,
Acting United States Attorney,


By:  /s/Kristina E. Barclay
     S. THEODORE MERRITT
     ANTHONY FULLER
     KRISTINA E. BARCLAY
     Assistant U.S. Attorneys
     U. S. Attorney's Office
     John Joseph Moakley
     United States Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     (617) 748-3100

Dated: June 3, 2009