```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
     v.                   )    Cr. No. 09-10166-MLW
                          )
SALVATORE F. DIMASI,      )
JOSEPH P. LALLY, JR.,     )
RICHARD W. MCDONOUGH,     )
and RICHARD D. VITALE     )
     Defendants           )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                         August 5, 2009

On June 8, 2009, the government filed under seal a Motion for Hearing Concerning Disqualification of Thomas Kiley and William Cintolo, counsel for defendant Salvatore F. DiMasi (the "Motion"). On June 10, 2009, the court issued a sealed order questioning whether it is permissible and appropriate to seal the Motion and close proceedings concerning it to the public. The court ordered the parties to address these issues in submissions that were made under seal. The issues of sealing and closing proceedings concerning the Motion were discussed on June 17, 2009, in a lobby conference that was closed to the public. The parties subsequently made further sealed submissions on these issues.

The government now asserts that the impounded submissions and transcript of the June 17, 2009 lobby conference should be unsealed in redacted form. Defendants DiMasi, Joseph P. Lally, Jr., Richard W. McDonough, and Richard D. Vitale now argue that until the Motion is decided proceedings concerning it should be closed to the public

and submissions relating to it should be sealed.

For the reasons described below, the court concludes that the Motion and related documents should now be unsealed with appropriate redactions and, with possible exceptions, that the proceedings concerning the Motion should be open to the public.

The public generally has a qualified First Amendment right to access to pretrial proceedings in a criminal case. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 9 (1986); In re Globe Newspaper Co., 729 F.2d 47, 51-52 (1st Cir. 1984). This right extends to the documents on which judicial decisions are based. See In re Globe Newspaper Co., 729 F.2d at 52, 59; United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997); United States v. Amodeo, 71 F.3d 1044, 1047-50 (2d Cir. 1995).

However, "[t]he Supreme Court has emphasized that the public's right to access to criminal proceedings is not absolute, and that it must in some circumstances give way to the paramount rights of the accused." In re Globe Newspaper Co., 729 F.2d at 52 (citing Press-Enterprise Co., 478 U.S. at 508). A defendant's Sixth Amendment right to a fair trial is an important consideration and may outweigh the public's qualified First Amendment right to access to pretrial proceedings. See Press Enterprise Co., 478 U.S. at 9; In re Globe Newspaper Co., 729 F.2d at 52-53. Privacy interests may also militate against open proceedings. See In re Globe Newspaper Co., 729 F.2d at 52-56.

2

With regard to submissions on which judicial decisions will be made, "there is a general right to inspect and copy public documents." Nixon v. Warner Communications, 435 U.S. 589, 597 (1978). However, this right too is not absolute. Id. at 598.

> Rather, "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." Among the countervailing factors favoring nondisclosure are: (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties.

United States v. Salemme, 985 F. Supp. 193, 195 (D. Mass. 1997) (quoting United States v. McVeigh, 119 at 811, and also citing Amodeo, 71 F.3d at 1050 and In re Globe Newspaper Co., 729 F.2d at 59).

Therefore, in deciding whether to close pretrial proceedings to the public, the court "must weigh the competing interests involved and consider reasonable alternatives to closure, stating on the record its reasons for rejecting these alternatives 'so that a reviewing court may be adequately informed.'" In re Globe Newspaper Co., 729 F.2d at 56 (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 446 (1979) (Blackmun, J., concurring in part and dissenting in part)). The First Circuit has indicated that to prevail in an effort to have judicial proceedings closed, "(1) the defendant would [have to] 'make some showing that the fairness of his trial will likely be prejudiced by public access to the proceedings,' and (2) those who objected to closure 'would have the

responsibility of showing to the court's satisfaction that alternative procedures are available to eliminate the dangers.'" <u>In re Globe Newspaper Co.</u>, 729 F.2d at 57 (quoting <u>Gannett</u>, 443 U.S. at 401 (Powell, J., concurring)). A similar balancing of interests must be done with regard to the decision whether to impound judicial documents. <u>Id.</u> at 59.

There is a strong public interest in open proceedings in the instant case. Generally, "public monitoring of the judicial system fosters important values of quality, honesty, and respect for our legal system." <u>Siedle v. Putnam Investments Inc.</u>, 147 F.3d 7, 10 (1st Cir. 1998). Conducting open proceedings and allowing public access to judicial records is particularly important when the government is a party. <u>See</u> <u>Federal Trade Commission v. Standard Financial Management Corp.</u>, 830 F.2d 404, 410 (1st Cir. 1987). "[I]n such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." <u>Id.</u> Open proceedings concerning the Motion will permit the public to observe and evaluate the performance of the prosecution and the court in this matter. <u>See</u> <u>id.</u> This is one way in which government officials are held accountable in our democracy.

These considerations apply to motions to disqualify counsel. <u>See</u> <u>Application of National Broadcasting Co.</u>, 828 F.2d 340, 345 (1987); <u>Tradewinds Airlines v. Soros</u>, 2009 U.S. Dist. LEXIS 42854

(S.D.N.Y. May 20, 2009). The Sixth Circuit has characterized open proceedings as the "traditional method" of deciding issues of attorney disqualification. <u>Application of National Broadcasting Co.</u>, 828 F.2d at 345; <u>see</u> <u>also</u> <u>United States v. Foster</u>, 469 F.2d 1, 5 (1st Cir. 1972) (stating that in "unusual circumstances" inquiries into a defense attorney's possible conflict of interest may be closed to the prosecution and, therefore, to the public). "From such [open] proceedings the public is informed of the seriousness with which the Sixth Amendment right to counsel is treated. . . ." <u>Application of National Broadcasting Co.</u>, 828 F.2d at 345.

Defendants argue that this is an unusual case in which the foreseeable publicity will injure their right to a fair trial. They assert that this harm outweighs the factors favoring public access. These contentions are not convincing.

This case involves corruption charges against the former Speaker of the Massachusetts House of Representatives, DiMasi. The charges have been highly publicized. Therefore, the court understands that litigation of the Motion will inevitably generate substantial pretrial publicity.

However, defendants do not contend that the proceedings concerning the Motion will reveal information concerning the merits of the charges that will be damaging to the defendants but may prove to be inadmissible at trial. Therefore, the instant matter

is materially different than In re Globe Newspaper Co., which involved bail proceedings in an organized crime case. See 729 F.2d at 49. The Federal Rules of Evidence did not apply. See F. R. Ev. 1101(d)(3). The government intended to introduce "extremely damaging statements" of the defendants obtained by wiretaps that would be subject to a later motion to suppress. Id. at 53. Therefore, public disclosure of the possibly inadmissible damaging statements in the bail proceedings had the potential to seriously to injure the defendants' right to a fair trial and unfairly harm their significant privacy interests as well. Id.

In the instant case, the government represents that the information about the defendants that is likely to be revealed in litigating the Motion is included in the indictment and, therefore, already in the public domain. The Motion is based on the contention that DiMasi's attorney, Mr. Kiley, also represented an unnamed private attorney ("P.A."), who is now a government witness. Allegations concerning P.A. are included in the indictment. See, e.g., Indictment ¶¶6, 13, 16-29.

If there was an attorney-client relationship between P.A. and Mr. Kiley that caused their communications to be privileged, that privilege has been waived by P.A.'s grand jury testimony concerning them. See Excerpts of P.A.'s grand jury testimony attached to sealed Government's Motion for Hearing Concerning Disqualification of Attorneys Thomas Kiley and William Cintolo; United States v.

Massachusetts Institute of Technology, 129 F.3d 681, 685 (1st Cir. 1997). Therefore, the consideration that justified closure in Siedel – protecting privileged confidential communications – is not applicable here. See 147 F.3d at 10.

Moreover, defendants do not seek to have the documents and transcript concerning the Motion sealed indefinitely. Rather, they now argue that the litigation concerning the Motion should not be made public until it is decided. While such delay might diminish the publicity and, if the Motion is denied, limit any suggestion to the public that defense counsel acted improperly, the matter will foreseeably be publicized and some potential jurors will be exposed to that publicity.

Most importantly, however, the court is confident that publicity concerning the Motion will not undermine its ability to select a fair and impartial jury. Impartial juries are regularly selected in even the most publicized cases, including those involving alleged public corruption. "Even the intensive publicity surrounding the events of Watergate . . . did not prevent the selection of jurors without such knowledge of the events as would prevent them from serving impartially." In re Application of National Broadcasting Co., 635 F.2d 945, 953 (2d Cir. 1980).

The trial of this case is not imminent. The court intends to conduct a rigorous voir dire of each potential juror. The court is confident that publicity concerning litigation of the Motion will

not make it unduly difficult, let alone impossible, to select a fair and impartial jury in this case.

Therefore, defendants have not made the required showing that their right to a fair trial will likely be prejudiced if proceedings concerning the Motion are generally open to the public. See Gannett, 443 U.S. at 401 (Powell, J., concurring); In re Globe Newspaper Co., 729 F.2d at 57. The parities agree that P.A.'s name and other information identifying him should be redacted from the submissions and arguments to protect his privacy.  However, in the particular circumstances of this case, as a witness who is expected to testify at a public trial, P.A.'s privacy interests are in any event insufficient to overcome the factors favoring public access to documents and proceedings concerning the Motion.

Accordingly, it is hereby ORDERED that:

1.  The redacted versions of the Motion and documents relating to it that are listed on Exhibit A hereto shall be unsealed.

2.  Future filings concerning the Motion may be made under seal in an effort to protect P.A.'s identity, with redacted copies filed for the public record, or public filings may be made referring to the private attorney only as P.A.

3.  Unless otherwise ordered, future proceedings concerning the Motion shall be open to the public.

4.  A hearing to address the pending discovery dispute concerning the Motion and related matters shall be held on August

7, 2009, at 2:00 p.m.

                    <u>Mark L. Wolf</u>
                UNITED STATES DISTRICT JUDGE

<u>Exhibit A</u>

Redacted June 10, 2009 Order (Docket No. 43)

Redacted Memorandum In Support of Motion for Discovery of Grand Jury Testimony and Other Statements of Witness (Docket No. 68)

Redacted Memorandum in Opposition to Motion for Discovery of Grand Jury Testimony and Other Statements of Witness P.A.(Docket No. 75)

Redacted Government's Reply to Defendants' Supplement to Their Position on Sealing Disqualification Proceedings (Docket No. 84)

Redacted Memorandum Concerning Whether the Government's Motion for Hearing Concerning Disqualification of Counsel Should Remain Under Seal (Docket No. 85)

Redacted June 20, 2009 Order (Docket No. 87)

Redacted Motion for Discovery of Grand Jury Testimony and Other Statements of [Redacted] (Docket No. 89)

Government's Redacted June 17, 2009 Transcript (Docket No. 90)

Redacted Defendants' Supplement to Their Position Regarding Government's Motion to Seal (Docket No. 91)

Redacted Government's Motion for Hearing Concerning Disqualification of Attorneys Thomas Kiley and William Cintolo (Docket No. 92)