```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
     v.                   )    Cr. No. 09-10166-MLW
                          )
SALVATORE F. DIMASI,      )
JOSEPH P. LALLY, JR.,     )
RICHARD W. MCDONOUGH,     )
and RICHARD D. VITALE,    )
     Defendants.          )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      December 29, 2009

As part of its opposition to defendants Salvatore DiMasi and Richard Vitale's motion to dismiss for alleged grand jury abuse, the government has submitted a Motion to File Affidavit Ex Parte and Under Seal (the "Motion"), which asks the court to consider, ex parte, an affidavit intended to contribute to a finding that the government did not conduct further grand jury investigation after the indictment was issued in this case primarily for the purpose of developing evidence relating to the pending charges. The Motion does not include a certificate of service and evidently was not served on the defendants in redacted form.

As authority for the ex parte submission, the government relies upon In re: Grand Jury Proceedings, 30 F.3d 126 (Table), 1994 WL 390138 (1st Cir. 1994). In that case, this court ordered the government to file an ex parte affidavit when a grand jury witness granted immunity refused to testify based on the contention that the government was improperly using the grand jury primarily

to strengthen the evidence concerning pending charges against other individuals.  Id. at *2.  This "court reasoned that '[i]n view of [appellant's] evident lack of standing and the legitimate need for grand jury investigations to proceed without lengthy interruptions, no more elaborate procedure for determining the grand jury's purpose is appropriate in the circumstances of this case.'"  Id. (brackets in the original).

    The instant matter is different in ways that may be material to whether the court should consider the government's affidavit ex parte.  The motion alleging grand jury abuse has been made by defendants who have standing to seek dismissal on this ground.  The process for deciding their motion to dismiss will not delay an on-going grand jury investigation.  A hearing on that motion, among many others, has been scheduled for March, 2010.  There is, therefore, time to decide on a properly informed basis whether it is appropriate to consider the affidavit ex parte.

    In view of the foregoing, it is hereby ORDERED that:

    1.  The government's Motion to File Affidavit Ex Parte and Under Seal (Docket No. 174) is ALLOWED without prejudice to possible reconsideration.

    2.  The government shall, by January 6, 2010, serve on defendants DiMasi and Vitale, and file, redacted versions of the Motion to File Affidavit Ex Parte and Under Seal, the affidavit, and the exhibits to the affidavit.  See Rule 7.1(C) of the Local

Rules of the United States District Court for the District of Massachusetts. The redacted version of the documents may be filed, at least temporarily, under seal if the government asserts that there is a proper basis for their impoundment.

    2.   Defendants DiMasi and Vitale shall, by January 20, 2010, respond to the Motion to File Affidavit Ex Parte and Under Seal.

    3.   The government shall, by January 27, 2010, file any reply.

                                              /s/ MARK L. WOLF
                                             UNITED STATES DISTRICT JUDGE