UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
     v.                   )    Cr. No. 09-10166-MLW
                          )
SALVATORE F. DIMASI,      )
JOSEPH P. LALLY, JR.,     )
RICHARD W. MCDONOUGH,     )
and RICHARD D. VITALE,    )
     Defendants           )


                      MEMORANDUM AND ORDER

WOLF, D.J.                                          March 9, 2010

I. SUMMARY

     The government moved to file a sealed, ex parte affidavit (the "Motion to File") in connection with its opposition to defendants' motion to dismiss the superseding indictment for abuse of the grand jury (the "Motion to Dismiss"). The court allowed the Motion to File without prejudice to reconsideration after further briefing. The court has reconsidered. The Motion to File is now being denied because there is no compelling circumstance that would justify the affirmative use of ex parte information to counter the defendants' defense. Therefore, the government is being ordered either to provide some or all of the ex parte information to the defendants or state that it declines to do so. To the extent the government declines, the court will not consider the information that defendants have not received.

II. BACKGROUND

     On June 2, 2009, the government filed the original indictment

in this case.  On October 13, 2009, the government filed a superseding indictment.

On November 10, 2009, the defendants moved to dismiss the superseding indictment because it is the product of grand jury abuse.[1]  On December 18, 2009, the government filed an opposition to the Motion to Dismiss.  On that same day, the government also filed, ex parte and under seal, the Motion to File, in which it requested leave to submit a sealed, ex parte affidavit of Assistant United States Attorney S. Theodore Merritt (the "Merritt Affidavit") that explains the circumstances surrounding the grand jury process.  The Merritt Affidavit and various exhibits were appended to the Motion to File.

In a December 29, 2009 Order, the court allowed the Motion to File without prejudice to reconsideration.  The court also ordered the government to serve on the defendants redacted versions of the Motion to File and the Merritt Affidavit by January 6, 2010.  The court further ordered the defendants to submit any opposition to the Motion to File by January 20, 2010, and ordered the government to reply by January 27, 2010.

On January 6, 2010, the government filed for the public record a redacted version of the Motion to File (the "Redacted Motion to File").  Also on January 6, 2010, the government filed under seal

---

[1] Defendants Salvatore DiMasi and Richard Vitale filed the Motion to Dismiss.  Defendants Joseph Lally and Richard McDonough later joined that motion.

and served on defendants a redacted version of the Merritt Affidavit (the "Redacted Merritt Affidavit"), which omits certain information and all of the exhibits. Consequently, defendants now have the Redacted Motion to File and the Redacted Merritt Affidavit.

The defendants did not file an opposition by January 20, 2010 and, therefore, the government did not reply. In response to an inquiry by the Deputy Clerk, the defendants filed an opposition on March 4, 2010. The government replied on March 5, 2010. The question is, therefore, now ripe for resolution.

III. DISCUSSION

In support of the Motion to File, the government relies on In re: Grand Jury Proceedings, 30 F.3d 126 (1st Cir. 1994)(table). That case stands for the proposition that, when an immunized witness refuses to testify before the grand jury on the ground that such testimony would constitute abuse of the grand jury process, the court may rely on a sealed, ex parte affidavit from the government to decide whether to compel the witness to testify. See In re: Grand Jury Proceedings, 30 F.3d at *2; cf. In re Grand Jury Subpoena, 223 F.3d 213, 219 (3d Cir. 2000). The case does not directly address the issue raised by the Motion to File because the Merritt Affidavit responds to defendants' motion to dismiss an indictment, rather than a motion to compel or avoid the giving of immunized testimony. See In re: Grand Jury Proceedings, 30 F.3d at

*2.

The more relevant case is the First Circuit's decision in United States v. Claudio, 44 F.3d 10, 14 (1st Cir. 1995), a case not cited by the parties. In Claudio, the defendant moved to dismiss on the ground that his prosecution was barred by the double jeopardy clause. Id. at 12. The government included three ex parte exhibits in its opposition. Id. The defendant was advised of the nature of the ex parte exhibits, but not their content. Id. The trial court denied the defendant's request for access to the ex parte exhibits and denied the motion to dismiss. Id. The defendant appealed. Id.

The First Circuit affirmed the denial of the motion to dismiss, but did not rule on whether the defendant should have been provided the ex parte exhibits because they related only to an irrelevant issue. See id. at 13. Lack of access was, therefore, not prejudicial in any event. See id.

Nevertheless, anticipating that the issue would arise again, the First Circuit continued to discuss the propriety of the ex parte exhibits in lengthy dictum in order to caution district courts against considering ex parte evidence that affirmatively counters a defendant's defense.² See id. at 14. The First Circuit

---

²"[C]ourts often, quite properly, give considerable weight to dictum - particularly to dictum that seems considered as opposed to casual." Dedham Water Co. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992). The dictum in Claudio appears to be thoroughly considered; the First Circuit

4

acknowledged that "from time to time, in special circumstances, judges in criminal cases do receive submissions from prosecutors whose contents are not known to the defense; and in extraordinarily rare cases even the existence of the submission may be undisclosed." Id. at 14 (citing United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993)). However, "our traditions make both of these courses presumptively doubtful, and the burden of justification is upon the government." Id.

Upon a "particularized showing of substantial cause," the government may sometimes submit ex parte information to resolve discovery disputes, as when it seeks a ruling that certain potentially discoverable information is privileged, irrelevant, or outside of its obligation to provide a defendant with material exculpatory evidence. See id.; Innamorati, 996 F.2d at 487-88; cf. United States v. Higgins, 995 F.2d 1, 3 (1st Cir. 1993)(citing United States v. Southard, 700 F.2d 1, 10-11 (1st Cir. 1983)).

In contrast, however, the government may not affirmatively introduce ex parte evidence to obtain a ruling on the merits of a defendants' motion to dismiss unless the government demonstrates that there are "compelling" grounds to do so. See Claudio, 44 F.3d at 14-15; cf. United States v. Abu Ali, 528 F.3d 210, 255 (4th Cir. 2008). The mere fact that information would normally be protected

---

incorporated it specifically to guide judicial decisionmaking in future prosecutions. See Claudio, 44 F.3d at 14.

from disclosure by a general rule of discovery is not alone sufficiently compelling to permit such affirmative use. See Claudio, 44 F.3d at 14 ("The idea that general safeguards against wide-ranging discovery like the Jencks Act and Rule 6 would be sufficient to justify a conviction on secret evidence is patently absurd."). As the First Circuit explained, the fact that information is protected from discovery "is not a license for the government to use such statements as evidence in court and then deny the defense access to them." Id. at 14.

Here, just as in Claudio, the defendants have moved to dismiss, and the government seeks to counter that motion with information submitted ex parte. Id. at 12. Consequently, Claudio's dictum is directly on point. See id. at 13-15. Therefore, court is applying its standard. See id. at 14-15.

The Motion to File is being denied because the government has not articulated any "compelling" justification for presenting the redacted information to the court while withholding it from the defense. See id. at 14. The justifications offered by the government for the affirmative use of ex parte information might be sufficient to protect information from disclosure if the defendants moved for discovery.³ See, e.g., Fed. R. Crim. P. 6; In re San

---

³The justifications that have been publicly disclosed include: (1) "defendants have no need for the information for purposes of this motion;" (2) some of the information is grand jury testimony; and (3) "[s]ome of the information in the affidavit . . . explains the government's legal strategy and

Juan Dupont Plaza Hotel File Litigation, 859 F.2d 1007, 1014-15 (1st Cir. 1988)(describing work product privilege). However, the central point of Claudio is that the fact that information is shielded from disclosure or may be used ex parte to decide a discovery dispute does not alone entitle the government to affirmatively use that information against a defendant on an ex parte basis. See 44 F.3d at 14. Rather, affirmative use of ex parte information by the government requires a justification that is "far more compelling." See id. Although the First Circuit did not give any examples of what type of circumstance would be sufficiently compelling, it is clear that the term "compelling" should be construed narrowly. See id. As the First Circuit wrote, the position "that the government can never affirmatively use information in court and withhold it from the defense . . . may overstate the matter; but not by much." See id.

   Here, none of the justifications offered by the government are extreme or unusual. See Mot. to File at 2. There is no allegation of a threat to any person's physical safety. Nor is there any allegation of any other type of imminent harm that would result from disclosure. See Mot. to File at 1-2. It appears that, at most, the government wants to affirmatively use on an ex parte

---

mental impressions in deciding what charges to bring." See Redacted Mot. to File at 2. The undisclosed justifications contained in the sealed, ex parte Motion to File are not, individually or when added to the disclosed justifications, "compelling." See Mot. to File at 1-2.

basis information that it might otherwise attempt to withhold from discovery under common claims that the information is privileged or that disclosure is not required by the Federal Rules of Criminal Procedure. Such use would be inconsistent with the teaching of <u>Claudio</u>. <u>See</u> 44 F.3d at 14.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. The Motion to File Affidavit Ex Parte and Under Seal (Docket No. 174) is DENIED. However this motion and the appended affidavit and exhibits will remain on the docket <u>ex</u> <u>parte</u> and under seal solely for the purpose of ensuring that the record of this proceeding is complete.

2. When deciding the defendants' Motion to Dismiss the Superseding Indictment for Abuse of the Grand Jury (Docket No. 137) the court will rely only on information available to the defendants. At present, that information includes the contents of the Redacted Merritt Affidavit (Docket No. 189). By March 11, 2010, at 5:00 p.m., the government shall report either that it intends to supplement the Redacted Merritt Affidavit with additional information which will be served on the defendants forthwith or that no additional information will be provided to the defendants.

                                            /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE