UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        v.               )          Cr. No. 09-10166-MLW
                         )
SALVATORE F. DIMASI,     )
JOSEPH P. LALLY, JR.,    )
RICHARD W. MCDONOUGH,    )
and RICHARD D. VITALE,   )
        Defendants.      )


MEMORANDUM AND ORDER

WOLF, D.J.                              February 4, 2011

     For the reasons described in detail in court on January 26 and

28, 2011, and summarized below, it is hereby ORDERED that:

     1.  The government's Motion to Amend Superseding Indictment

(Docket No. 264) is ALLOWED.  The amendments to paragraphs 9, 10,

16, 17, 102, and 106 are permissible because they narrow the

Superseding Indictment.  See United States v. Celestin, 612 F.3d

14, 25 (1st Cir. 2010) (quoting United States v. Miller, 471 U.S.

130, 138, 146 (1985)).  The amendments remove language that charged

conflict of interest or state fiduciary duty theories of honest

services fraud liability, and leave in place a previously properly

charged theory of honest services fraud based on quid pro quo

bribery.  See United States v. Urciuoli (Urciuoli II), 613 F.3d 11,

18 (1st Cir.), cert. denied, 131 S. Ct. 612 (2010).  In light of

deletions made to paragraph 9, the government is permitted to add

the proposed language "as a matter of form" to ensure that

paragraph 9 as amended is intelligible.  See Russell v. United

States, 369 U.S. 749, 770 (1962).

2.  Defendants' Motion to Strike Overt Act 58 (Docket No. 246-1) is DENIED.  Original Overt Act 58, which is now Overt Act 50 in the Amended Superseding Indictment, alleges that defendant Richard Vitale extended to defendant Salvatore DiMasi a $250,000 line of credit after Vitale joined the alleged conspiracy and that the loan was made in furtherance of the conspiracy.  An overt act does not need to be a crime so long as it is "knowingly done in furtherance of some object or purpose of the conspiracy."  United States v. Richardson, 14 F.3d 666, 670 (1st Cir. 1994); see United States v. Medina, 761 F.2d 12, 15 (1st Cir. 1985).  Because the allegation that the loan constituted an overt act is neither irrelevant nor unfairly prejudicial, the request to strike it is not meritorious. Fed. R. Cr. P. 7(d); see United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006).  To the extent that Vitale and DiMasi assert that the government will not be able to offer sufficient evidence that the loan was made in furtherance of the alleged conspiracy, the issue must be decided at trial, based on the evidence presented, before the case is submitted to the jury for decision. See United States v. Williams, 809 F.2d 75, 80-81 (1st Cir. 1986).

3.  Defendants' Motion to Strike Paragraph 12(c) and Dismiss Both the Conspiracy to Violate 18 U.S.C. §1951 Object of Count One and Count Nine Alleging a Substantive Violation of 18 U.S.C. §1951 (Docket No. 284) is DENIED.  An indictment is sufficient if, read

as a whole, it states the elements of the crimes charged, and includes sufficient facts to enable a defendant to defend against the charges and to enable him to plead double jeopardy in bar of future prosecutions.  See United States v. Wiffen, 121 F.3d 18, 21 (1st Cir. 1997); United States v. Tomasetta, 429 F.2d 978, 979-80 (1st Cir. 1970).  By alleging that defendants arranged payments to DiMasi in return for the exercise of his official powers as Speaker of the Massachusetts House of Representatives, the Amended Superseding Indictment sufficiently alleges both substantive extortion and conspiracy to extort charges under 18 U.S.C. §1951 and 18 U.S.C. §371.  See Evans v. United States, 504 U.S. 255, 266 (1992).  The Amended Superseding Indictment also sufficiently alleges a conspiracy among defendants by identifying the principal coconspirators and the principal aims of the conspiracy.  See United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991).

4.   The Renewed Motion of Defendants Vitale and DiMasi to Dismiss All Honest Services Fraud Allegations (Docket No. 249)(the "Renewed Motion to Dismiss"), as well as the request to dismiss based on arguments made in a related memorandum (Docket No. 248), are DENIED.  The Amended Superseding Indictment gives defendants adequate notice that they are charged with a conspiracy to engage in a quid pro quo bribery and kickback scheme, which remains a viable theory of honest services fraud after the Supreme Court's 2010 decision in Skilling v. United States, 130 S. Ct. 2896, 2933

(2010).  Paragraphs 14 through 17 allege that the conspirators agreed to arrange payments to DiMasi (through P.A., an intermediary) and to others in exchange for DiMasi's exercise of his official powers.  See Urciuoli II, 613 F.3d at 14-15.  These allegations, coupled with the numerous alleged overt acts, adequately inform defendants of both the nature of the alleged conspiracy and of the alleged underlying fraudulent conduct.  Cf. United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993).  The Amended Superseding Indictment also adequately alleges that Vitale knowingly and willfully joined the conspiracy and is guilty of the substantive offenses committed pursuant to it.  See Pinkerton v. United States, 328 U.S. 640, 646-48 (1946); United States v. Agosto-Vega, 617 F.3d 541, 552 (1st Cir. 2010)(aiding and abetting); United States v. Whiffen, 121 F.3d 18, 21-22 (1st Cir. 1997).  Other arguments made in the Renewed Motion to Dismiss are moot in light of the amendments to the Superseding Indictment allowed in paragraph 1 hereinabove and the government's representation that it is not pursuing a gratuities-based theory of honest services fraud in this case.

5.  Defendant Lally's Consolidated Post-Skilling Motion to Dismiss (Docket No. 254) is DENIED.  Indictments must be read as a whole, see Tomasetta, 429 F.2d at 979, and need not always plead required scienter elements in precise statutory terms so long as other words or facts contained in the indictment necessarily or

fairly import guilty knowledge.  See United States v. McLennan, 672

F.2d 239, 242 (1st Cir. 1982).  Assuming the government was

required to allege that defendant Joseph Lally knew that money paid

to P.A. was  being transferred in part to DiMasi, it has done so

adequately.  The Amended Superseding Indictment explicitly alleges

Lally's knowing and willful participation in the conspiracy and in

the fraudulent scheme, alleges that Lally arranged for money to be

paid to DiMasi through P.A., and alleges various overt acts from

which such knowledge could be inferred.  See, e.g., Amended

Superseding Indictment ¶¶12, 14, 15, 18, 38, 46, 70, 102, 106.

        6.  The Joint Supplemental Motion for Dismissal of Superseding

Indictment (Docket No. 244) is DENIED.  Defendants essentially seek

to strike as surplusage the phrase "and cause others to receive"

from paragraph 14 of the Superseding Indictment.  However, this

phrase is not irrelevant, see Hedgepeth, 434 F.3d at 612, because

payments to others in exchange for official acts by a public

official can, at a minimum, constitute Hobbs Act extortion, an

object of the charged conspiracy.  See United States v. Green, 350

U.S. 415, 420 (1956); United States v. Vigil, 523 F.3d 1258, 1264

(10th Cir. 2008), cert. denied, 129 S. Ct. 281 (2008); United

States v. Margiotta, 688 F.2d 108, 133 (2d Cir. 1982), overruled on

other grounds by United States v. McNally, 483 U.S. 350 (1987);

United States v. Cerilli, 603 F.2d 415, 420 (3d Cir. 1979).  The

First Circuit's statement in United States v. Cruz-Arroyo that

extortion exists where the public official "received" a payment is essentially a restatement of the holding of Evans, 504 U.S. at 268, and not a new rule of law limiting extortion under color of official right to cases in which the payment is received by the public official, as opposed to being obtained for another person. See Cruz-Arroyo, 461 F.3d 69, 73-74 (1st Cir. 2006). Therefore, although Cruz-Arroyo indicates that one way to prove extortion under color of official right is to show that the official obtained a payment for himself, the Supreme Court in Green held that §1951 is violated when proven extortion results in a payment to another person, and this principle has been properly extended to extortion under color of official right. See Green, 350 U.S. at 420-21; Vigil, 523 F.3d at 1264.

7. The Motion for Legal Instructions Provided to Grand Jury and to Dismiss Indictment (Docket No. 143) is DENIED. Federal Rule of Criminal Procedure 6(e)(3)(E) provides that "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand-jury matter (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the

need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Here, disclosure is not necessary to avoid possible injustice because protection against the grand jury's conceivable misunderstanding of the requirements of 18 U.S.C. §1346 is not accomplished by review of the prosecutor's legal instructions. See United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002). Rather, the First Circuit requires substantial particularity in the text of an indictment for conspiracy to commit fraud, see Yefsky, 994 F.2d at 893, with which at least 12 grand jurors must concur. See Fed. R. Crim. P. 6(f); Gaither v. United States, 413 F.2d 1061, 1071 (D.C. Cir. 1969). Because the Amended Superseding Indictment is facially adequate and demonstrates that the grand jury found probable cause to believe defendants conspired to engage in a quid pro quo bribery and kickback scheme, which has long been, and remains, a valid theory of honest services fraud, any lack of instructions or mistakes in instructions to the grand jury would not be sufficiently prejudicial to justify relief. See In re United States, 441 F.3d 44, 60 (1st Cir. 2006)(defining the "high" standard of prejudice to justify pretrial dismissal of indictment based on errors in the grand jury proceeding). Protecting the rights of defendants through review of the sufficiency of the face of the indictment is consistent with the

legal maxim that "'[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.'" See United States v. Maceo, 873 F.2d 1, 3 (1st Cir. 1989)(quoting Costello v. United States, 350 U.S. 359, 363 (1956))(emphasis added); see also United States v. Buchanan, 787 F.2d 477, 487 (10th Cir. 1986); United States v. Trie, 23 F. Supp. 2d 55, 62 (D.D.C. 1998).

8.    Defendant Vitale's Motion for a Bill of Particulars (Docket No. 247) is ALLOWED in part.  By February 4, 2011, the government shall file under seal and produce to defendants, subject to the terms of the protective order concerning discovery in this case, the names of the "others" referred to in paragraph 14 of the Amended Superseding Indictment to whom DiMasi allegedly caused payments to be made.

In all other respects, this motion is DENIED.  The court must grant a motion for a bill of particulars "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993); see Fed. R. Crim. P. 7(f).  Here, Vitale seeks primarily details that the government is not required to prove at trial, such as the exact date and location of the conspiratorial agreement. The First Circuit, however, "do[es] not require evidence of an explicit

8

agreement to ground a conspiracy conviction." <u>United States v.</u>
<u>Pesaturo</u>, 476 F.3d 60, 72 (1st Cir. 2007).  "The agreement need not
be express, but may consist of no more than a tacit understanding,"
and a conspiratorial agreement may be proven by circumstantial
evidence, including acts committed by a defendant that furthered
the conspiracy's purposes.  <u>United States v. Perez-Gonzalez</u>, 445
F.3d 39, 49 (1st Cir. 2006).  Specific information about the
formation of a conspiracy is often unavailable due to the secret
nature of the enterprise.  <u>Cf.</u> <u>Hallock</u>, 941 F.2d at 40-41.
Consequently, because the government is not required to prove the
details requested by Vitale, the court is not exercising its
discretion to order the Bill of Particulars, except with respect to
the identities of the "others" to whom DiMasi allegedly caused
payments to be made.  <u>See</u> <u>United States v. Stryker Biotech, LLC</u>,
Cr. No. 09-10330, 2010 WL 2900684, at *5 (D. Mass. July 21, 2010).

9.  The additional pre-<u>Skilling</u> Motions to Dismiss (Docket
Nos. 126, 134, 140, 141, 147) are DENIED.  These motions raise
essentially the same arguments as the motions addressed hereinabove
and are denied for the same reasons.

10.  When the parties submit proposed jury instructions as
required by the December 13, 2010 Pretrial Order, they shall in a
trial brief or separate memorandum address any foreseeable disputes
concerning issues of law and, in any event, address the difference
between a gratuities theory of honest services fraud (which the

government has represented is not now alleged in the Amended Superseding Indictment) and a quid pro quo bribery and kickback scheme.

11.   The schedule established by the December 13, 2010 Pretrial Order remains in effect.  The parties may, if necessary, request extensions of time with respect to lower priority matters, such as proposed jury questionnaires and voir dire questions, if, despite diligent efforts, they are unable to make all of the required submissions in a timely manner.

12.   Hearings on pretrial motions and other matters will commence on April 13, 2011, at 9:00 a.m., and, if necessary, continue day to day until April 25, 2011.  This schedule may be modified at the March 9, 2011 pretrial conference.


                                      /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE