```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
     v.                   )      Cr. No. 09-10166-MLW
                          )
SALVATORE F. DIMASI,      )
JOSEPH P. LALLY, JR.,     )
RICHARD W. MCDONOUGH,     )
and RICHARD D. VITALE,    )
     Defendants.          )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 16, 2011

I.  INTRODUCTION

On February 28, 2011, the Globe Newspaper Company, Inc. (The "Globe") moved to intervene (the "Motion to Intervene") for the limited purpose of requesting that the court: (1) vacate or modify the Protective Order entered in this case on June 23, 2009; (2) unseal the currently redacted portions of the December 18, 2009 Affidavit of AUSA S. Theodore Merritt; and (3) unseal any and all witness lists and exhibit lists filed by the government or any defendant.  For the reasons explained in this Memorandum, the Motion to Intervene is being allowed to the extent that a less redacted form of the Merritt Affidavit is being made part of the public record and is otherwise being denied.

II. THE REQUEST TO UNSEAL

   a.  The Legal Standard

Constitutional and common law rights of access apply to judicial documents.  See In re Boston Herald, 321 F.3d 174, 180

(1st Cir. 2003).

> There is at common law "a general right to inspect and copy public records and documents." <u>Nixon v. Warner Communications</u>, 435 U.S. 589, 597 (1978). This right, however, is not absolute. <u>Id.</u> at 598. Rather, "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." <u>United States v. McVeigh</u>, 119 F.3d 806, 811 (10th Cir. 1997)(citing <u>Nixon</u>, 435 U.S. at 602); <u>see also</u> <u>United States v. Amodeo</u>, 71 F.3d 1044, 1047-50 (2d Cir. 1995). Among the countervailing factors favoring nondisclosure are: (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties. <u>See Amodeo</u>, 71 F.3d at 1050; <u>see also</u> <u>McVeigh</u>, 119 F.3d at 813-14; <u>In re Globe Newspaper Co.</u>, 729 F.2d 47, 59 (1st Cir. 1984).

<u>United States v. Salemme</u>, 985 F. Supp. 193, 194-95 (D. Mass. 1997)(footnote omitted).

In addition:

> The public generally has a qualified First Amendment right to access to pretrial proceedings in a criminal case. <u>See</u> <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 9 (1986); <u>In re Globe Newspaper Co.</u>, 729 F.2d 47, 51-52 (1st Cir. 1984). This right extends to the documents on which judicial decisions are based. <u>See</u> <u>In re Globe Newspaper Co.</u>, 729 F.2d at 52, 59; <u>United States v. McVeigh</u>, 119 F.3d 806, 811 (10th Cir. 1997); <u>United States v. Amodeo</u>, 71 F.3d 1044, 1047-50 (2d Cir. 1995).

> However, "[t]he Supreme Court has emphasized that the public's right to access to criminal proceedings is not absolute, and that it must in some circumstances give way to the paramount rights of the accused." <u>In re Globe Newspaper Co.</u>, 729 F.2d at 52 (citing <u>Press-Enterprise Co.</u>, 478 U.S. at 508). A defendant's Sixth Amendment right to a fair trial is an important consideration and may outweigh the public's qualified First Amendment right to access to pretrial proceedings. <u>See</u> <u>Press Enterprise Co.</u>, 478 U.S. at 9; <u>In re Globe Newspaper Co.</u>, 729 F.2d at 52-53. Privacy interests may also militate against open proceedings. <u>See</u> <u>In re Globe Newspaper Co.</u>, 729 F.2d at 52-56.

<u>United States v. DiMasi</u>, Cr. No. 09-10166, 2009 WL 2411313, at *1 (D. Mass. Aug. 5, 2009).

    b.  <u>The Request to Unseal Witness Lists and Exhibit Lists</u>

The Globe requests that the court unseal any exhibit or witness list filed by any party. Contrary to media reports, no witness list or exhibit list has been filed with the court either for the public record or under seal. Such lists are not, therefore, under seal and cannot be unsealed. When such lists are filed, the court will decide whether they should be part of the public record in complete or redacted form.

    c.  <u>The Request to Unseal the Merritt Affidavit</u>

The Globe also requests that the court unseal the redacted portions of the December 18, 2009 Affidavit of AUSA S. Theodore Merritt. Several versions of this affidavit have been filed: (i) the Merritt Affidavit and exhibits (Docket No. 174 <u>ex</u> <u>parte</u> and under seal), which were rejected by the court in a March 9, 2010 Order and which were not relied upon in deciding any pretrial motion; (ii) the First Redacted Merritt Affidavit (Docket No. 189 under seal); (iii) the Second Redacted Merritt Affidavit (Docket No. 216 under seal), upon which the court relied in deciding a motion to dismiss for alleged abuse of the grand jury; (iv) the Third Redacted Merritt Affidavit (Docket Nos. 233 and 234-1), which is in the public record; and (v) the Fourth Redacted Merritt Affidavit (Docket No. 352 under seal), which the government

proposes be released to the public now.[1]  Defendants oppose the release of additional portions of the Merritt Affidavit.

As noted in the March 25, 2010 Order, the court relied on the Second Redacted Merritt Affidavit (Docket No. 216) in deciding pretrial motions.  The common law and qualified constitutional rights of access apply to this filing.  See Amodeo, 71 F.3d at 1049; In re Globe Newspaper, 729 F.2d at 59.  Almost all of the information contained in the Second Redacted Merritt Affidavit has already been released to the public through the Third Redacted Merritt Affidavit, discussion of and rulings on pretrial motions at the March 23 and 24, 2010 hearings, the government's Trial Brief, and recently filed motions to exclude evidence related to Genesis.

Accordingly, the court is allowing the Motion to Intervene to the extent that it is unsealing the Second Redacted Merritt Affidavit with slight additional redactions. Specifically, certain names are being redacted from paragraphs eight and sixteen, and paragraph eighteen is being redacted in its entirety.  These additional redactions are necessary to protect the privacy interests of third parties who testified before the grand jury and are not parties to this case, and to prevent possible unfairly prejudicial pretrial publicity.  See Amodeo, 71 F.3d at 1050; In

---

[1] While the various redacted affidavits refer to attached exhibits, only the original Merritt Affidavit, which the court declined to consider ex parte, had exhibits attached.  The court did not review or rely upon the exhibits.  Therefore, they are not being unsealed.

re Globe Newspaper, 729 F.2d at 59.

III. THE PROTECTIVE ORDER

On June 22, 2009, the government filed an assented-to motion for a protective order and a proposed order. On June 23, 2009, the court entered the protective order with minor modifications. Except in defined circumstances, the protective order prohibits defense counsel from further disseminating designated documents and information disclosed to them by the government.[2] The Globe requests that this order be vacated or modified because the Globe alleges that, in its present form, it violates the First Amendment. Defendants do not seek relief from the protective order and, in fact, object to vacating it.[3] The government also opposes the request.

Under these circumstances, the Globe lacks standing to assert

---

[2]The protective order permits defense counsel to release designated documents and information to third parties, such as agents of defense counsel and prospective witnesses, and restrains these third parties from further disseminating the documents and information, provided that the third party must agree to comply with the protective order in advance of receiving the documents and information. See June 23, 2009 Protective Order ¶2. Therefore, no person is being restrained by the protective order without consenting to obey it in advance.

[3]Although the government is not restrained by the protective order, it represents that it is comparably constrained by the Federal Rules of Criminal Procedure, the Local Rules for the United States District Court for the District of Massachusetts, see L.R. 83.2A, and 28 C.F.R. §50.2. In reliance on these representations, at the March 9, 2010 hearing, defendants orally withdrew their request to expand the protective order to restrain agents of the government.

5

that the protective order should be vacated or modified because it is suffering no injury as a result of the protective order. See Bond v. Utreras, 585 F.3d 1061, 1077-78 (7th Cir. 2009); cf. Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 787 n.12 (1st Cir. 1988). The First Circuit has not found that any statute or rule establishes a right of the Globe to participate in this criminal case. See In re Globe Newspaper Co., 920 F.2d 88, 90 (1st Cir. 1990)(noting that "the right of a non-party to intervene in a criminal proceeding is doubtful" but declining to decide the issue). The protective order does not restrain the Globe from publishing any information it obtains. Cf. New York Times Co. v. United States, 403 U.S. 713, 714 (1971)(per curiam)(rejecting prior restraint of publication by newspapers). Nor does it restrain the government from releasing information as required by the Freedom of Information Act or any other provision of law. See 5 U.S.C. §552.

Although the Globe has a qualified common law right to access to judicial documents, that right does not extend to documents merely provided to defense counsel in discovery. See Amodeo, 71 F.3d at 1050. Similarly, the qualified constitutional right of access extends only to judicial documents, see In re Boston Herald, Inc., 321 F.3d at 182, meaning materials which, unlike documents only disclosed in discovery in a criminal case, play a role in judicial decisionmaking and have traditionally been accessible to the public. See Bond, 585 F.3d at 1074 ("'[D]iscovered, but not

yet admitted, information' is not 'a traditionally public source of information.'" (quoting <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 33 (1984)).

"[A] First Amendment right-to-receive claim lies only where there is a willing speaker because 'a precondition of the right to receive is the existence of a willing speaker.'" <u>Bond</u>, 585 F.3d at 1078 (quoting <u>Indiana Right to Life, Inc. v. Shepard</u>, 507 F.3d 545, 549 (7th Cir. 2007))(internal brackets and ellipses omitted); <u>see Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.</u>, 425 U.S. 748, 756 & n.14 (1976). The Globe is not being denied any right to receive information from a willing speaker because defense counsel assented to the protective order at its inception, because third parties are only subject to order if they agree to be restrained by it in advance, and because no person restrained by the protective order seeks relief from it now. <u>See Bond</u>, 585 F.3d at 1077-78 (holding third parties lack standing to challenge a protective order where the litigants agreed to the protective order and did not seek its modification); <u>Oklahoma Hosp. Ass'n v. Oklahoma Publ'g Co.</u>, 748 F.2d 1421, 1424-25 (10th Cir. 1984)); <u>cf.</u> <u>Public Citizen</u>, 858 F.2d at 787 n.12. As the Globe conceded at the March 9, 2011 hearing, it has no right to compel the release of discovery information by an unwilling defendant or his counsel. <u>Cf.</u> <u>Banco Popular de Puerto Rico v. Greenblatt</u>, 964 F.2d 1227, 1232-33 (1st Cir. 1992)(reaching similar conclusion in

the context of civil litigation). Accordingly, the Globe is not suffering any injury because of the protective order. Therefore, it has no standing to challenge its legality. See Bond, 585 F.3d at 1077-78.

Moreover, even if the Globe had standing to challenge it, the protective order satisfies the requirements of the First Amendment because it was entered for, and continues to be supported by, good cause. The restrictions are limited to the discovery context, and the order does not prohibit defendants from disseminating information obtained from sources other than the government. See Fed. R. Crim. P. 16(d)(1) (permitting protective orders for good cause); Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)(applying a similar First Amendment standard in civil cases).

In this case, the former Speaker of the Massachusetts House of Representatives and several of his associates are charged with crimes of corruption. The allegations received extensive publicity prior to the return of the indictment and continue to be heavily publicized. See, e.g., A Speaker's Fall, http://www.boston.com/news/local/massachusetts/specials/012609_dimasi/ (last visited March 16, 2011)(collecting numerous articles published between 2008 and the present). Trial is scheduled to begin in about six weeks. Restrictions on the dissemination of discovery materials were, and remain, necessary to facilitate defendants' timely access to voluminous records, to prevent unfairly prejudicial pretrial

publicity which might hamper the selection of an impartial jury, and to protect the privacy interests of third parties. There was and is, therefore, good cause for the entry and continuance of the protective order. <u>See</u> Fed. R. Crim. P. 16(d)(1). Accordingly, the protective order satisfies the requirements of the First Amendment. <u>See</u> <u>Anderson</u>, 805 F.2d at 7.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that the Motion to Intervene (Docket No. 328) is ALLOWED to the extent that the court is unsealing the Second Redacted Merritt Affidavit with slight additional redactions. In all other respects, the Motion to Intervene is DENIED.

<u>/s/ Mark L. Wolf</u><br>
UNITED STATES DISTRICT JUDGE