UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                          )
          v.              )          Cr. No. 09-10166-MLW
                          )
SALVATORE F. DIMASI,      )
JOSEPH P. LALLY, JR.,     )
RICHARD W. MCDONOUGH,     )
and RICHARD D. VITALE,    )
     Defendants.          )


                         ORDER

WOLF, D.J.                                    April 5, 2011

     Andy Hiller, Political Editor for WHDH-TV, has sent the court

a letter requesting "access to and all information pertaining to"

the appointment of Thomas R. Kiley to represent defendant Salvatore

F. DiMasi under the Criminal Justice Act.  The request is made

"[p]ursuant to the state open records law," Massachusetts General

Laws Chapter 4, Section 7, and Chapter 66, Sections 10 to 18.

     Mr. Hiller's request is being denied.  Chapter 66, Section 10

creates a right to inspect "public record[s]" as defined by Chapter

4, Section 7, Clause 26.  See M.G.L. c. 66, §10(a).  Here, even

assuming, without finding, that states have the authority to compel

the federal courts to release records, the records of the United

States District Court for the District of Massachusetts are not

"public records" as defined by the statute.  "Public records" are

defined as those records made or received by officers or employees

of the government of the Commonwealth of Massachusetts, or of

public entities established by the Commonwealth.  See M.G.L. c. 4,

§7, Twenty-sixth (defining "Public records" as records "made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose" (emphasis added)). The United States District Court is part of the federal government, established by the United States Constitution and federal law. See U.S. CONST. Art. III, §1; 28 U.S.C. §101. Moreover, even if the request were directed to a component of the state's government, judicial records are not "public records" within the meaning of the statute. See Kettenbach v. Board of Bar Overseers, 863 N.E.2d 36, 38 (Mass. 2007)("We have long held that court records are not public records within [the relevant] definition."). Accordingly, the court is not releasing any records pursuant to the state law relied upon by Mr. Hiller.

If Mr. Hiller wishes to renew his request, he may file and serve on the parties a motion to intervene for this purpose, citing the federal law on which he relies, and a supporting memorandum of law. See Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts; United States v. DiMasi, Cr. No. 09-10166, 2011 WL 915349, at *2 (D. Mass. Mar. 16, 2011).

For the foregoing reasons, it is hereby ORDERED that Mr. Hiller's Request (Docket No. 428) is DENIED without prejudice.

/s/ Mark L. Wolf
            UNITED STATES DISTRICT JUDGE