UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
    v.                   )    Cr. No. 09-10166-MLW
                         )
SALVATORE F. DIMASI,     )
JOSEPH P. LALLY, JR.,    )
RICHARD W. MCDONOUGH,    )
and RICHARD D. VITALE,   )
    Defendants.          )

MEMORANDUM AND ORDER

WOLF, D.J.                                          May 9, 2011

The court has considered Richard D. Vitale's Motion for Reconsideration of Court's Order Quashing Prior Subpoena to Joseph Lally (the "Motion"), and the oppositions to it of the government and Lally. The court continues to find that the standards described in United States v. Nixon, 418 U.S. 683, 699-700 (1974), generally apply to trial subpoenas issued pursuant to Federal Rule of Criminal Procedure 17. See United States v. Concemi, 957 F.2d 942, 949-50 (1st Cir. 1992). The court also finds that the instant case is not factually analogous to United States v. Stein, 488 F. Supp. 2d 350, 364-65 (S.D.N.Y. 2007), in which the court found that the unusually close relationship between the government and the cooperating accounting firm made the conduct of the firm "state action" and the documents at issue subject to production by the government pursuant to Federal Rule of Criminal Procedure

16(a)(1)(E).[1] In addition, the court again finds that Vitale has failed to identify with sufficient specificity e-mails likely to exist and be admissible to satisfy the <u>Nixon</u> test. <u>See</u> <u>Nixon</u>, 418 U.S. at 699-700; <u>Concemi</u>, 957 F.2d at 949-50.

However, it is possible that the trial testimony of Lally will produce information sufficient to meet the <u>Nixon</u> test and justify the enforcement of the Rule 17 subpoena, in whole or in part. Therefore, the court is not now deciding whether to quash the revised subpoena. It is requiring that Lally preserve any e-mails that are requested by it and be prepared to produce some or all of them promptly after he provides some testimony.[2] <u>See</u> <u>United States</u>

---

[1] The close relationship between the government and the cooperating accounting firm is discussed in greater detail in <u>United States v. Stein</u>, 541 F.3d 130, 147-48 (2d Cir. 2008), <u>aff'g</u>, 435 F. Supp. 2d 330 (S.D.N.Y. 2006).

[2] The messages sought by the revised subpoena are:

> Copies of any and all non-privileged emails sent or received by Joseph Lally from May 1, 2010, to the present which (1) are between Lally and Dick McDonough or between Lally and Dick Vitale or between Lally and Sal DiMasi or are parts of email chains including emails to or from any of the defendants; or (2) relate to or mention Richard Vitale or Salvatore DiMasi or Dick McDonough; or (3) relate to the subjects of illegal sports gambling and/or the existence of debts to casinos or bookmakers or sports betting organizations; or (4) relate to the subject of going to trial in this case or entering into a plea/cooperation agreement with the government; or (5) relate to false or inaccurate reporting of income or expenses on Lally's federal income tax returns; or (6) relate to Lally's relationship with Cognos and/or Chris Quinter or Rick Gilbody.

<u>See</u> Motion Ex. A.

v. McKnight, 799 F.2d 443, 446 (8th Cir. 1986); United States v. Rasheed, 663 F.2d 843, 852 (9th Cir. 1981); see also United States v. Ruggiero, 934 F.2d 440, 449-50 (2d Cir. 1991).

Accordingly, it is hereby ORDERED that:

1. Decision on the Motion (Docket No. 494) is RESERVED and the revised subpoena remains outstanding.

2. Lally shall preserve the e-mails subject to the revised subpoena and be prepared to produce some or all of them promptly if ordered to do so.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE