UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

RICHARD D. VITALE,
SALVATORE F. DIMASI, and
RICHARD W. McDONOUGH

No. 09-10166-MLW

**DEFENDANTS' MOTION TO STRIKE CERTAIN TESTIMONY OF LESLIE KIRWAN**

On May 25, 2011, during the testimony of Leslie Kirwan, former Secretary of Administration and Finance, the Court, over the defendants' objection, permitted the government to ask Ms. Kirwan whether, if she had known Speaker DiMasi was receiving money through Steven Topazio in return for pushing Cognos's interests, she would have approved the contract to Cognos and whether she would have acted differently with respect to the award of the contract to Cognos had she known that DiMasi's accountant and financial advisor, defendant Vitale, had been paid $500,000. She responded that had she known the information suggested by either question she would not have approved the award of the contract to Cognos and would have sought legal advice. That testimony was inadmissible and should be stricken and the jury instructed to disregard it for three reasons: (1) it injected the now-invalidated failure-to-disclose theory of honest services fraud into the case; (2) neither DiMasi nor Vitale was under any duty to disclose such information; and (3) at least with respect to Kirwan's testimony regarding the payment to Vitale, neither DiMasi nor Vitale had any opportunity to disclose the information.

**I.**

In *Skilling v. United States*, 130 S.Ct. 2896 (2010), the Supreme Court interpreted 18 U.S.C. §1346 to "criminalize[] *only* the bribe-and-kickback core of the pre-*McNally* case law." *Id.* at 2931. In so doing, the Court excluded from the reach of §1346 the failure to disclose a conflict of interest theory of honest services fraud which had theretofore been widely recognized. *See, e.g.*, *United States v. Sawyer*, 85 F.3d 713, 724 (1st Cir. 1996)("The cases in which a deprivation of an official's honest services is found typically involve either bribery of the official or her failure to disclose a conflict of interest, resulting in personal gain"). The government's questioning of Ms. Kirwan and her responses impermissibly invite the jury to resurrect the now-invalidated failure to disclose theory of honest services fraud and to convict the defendants of honest services fraud and/or conspiracy to commit honest services fraud based on a theory that the award of the contract to Cognos was achieved through nondisclosure by defendant DiMasi. It is not cured by the government's phrasing of the questions, incorporating "in exchange for" language.

**II.**

While, under *Neder v. United States*, 527 U.S. 1 (1999), materiality is an essential element of the federal mail and wire fraud statutes, and the government must, under *Sawyer*, prove that the defendant had the intent to deceive, 85 F.3d at 732 & n.16, an omission or failure to disclose information may be the basis of a fraud conviction only if the party failing to disclose was under a duty to disclose the information at issue. *See*, *e.g.*, *United States v. Schiff*, 602 F.3d 152 (3d Cir. 2010)(absent duty to disclose, silence is not fraudulent or misleading (securities fraud case)); *United States v. Basroon*, 38 Fed. Appx. 772, 779 (3d Cir. 2002)("One who fails to disclose material information prior to the consummation of a transaction commits fraud only

when under a duty to do so"); *United States v. Szur*, 289 F.3d 200, 209-210 (2d Cir. 2002)(district court's instructions adequately conveyed requirement that defendants must have been under a duty to disclose omitted information for jury to convict them of wire fraud); *United States v. Autori*, 212 F.3d 105, 119 (2d Cir. 2000)("an omission can violate the [mail/wire] fraud statute only in the context of a duty to disclose"); *United States v. Cassiere*, 4 F.3d 1006, 1022 (1st Cir. 1993)(approving the following instruction as a correct statement of the law in wire fraud case: "A failure to disclose a material fact may also constitute a false or fraudulent misrepresentation if, one, the person was under a general professional or a specific contractual duty to make such a disclosure; and, two, the person actually knew such disclosure ought to be made; and three, the person failed to make such disclosure with the specific intent to defraud"). Accordingly, although Ms. Kirwan's testimony indicated that she regarded the nondisclosed information as material, that nondisclosure cannot be found to be the predicate for a finding of the requisite intent to deceive unless DiMasi (or Vitale) was under a duty to disclose the information to her. They were not. According to Ms. Kirwan's testimony, her conversations with DiMasi were limited to discussion of the generic performance management project and its status. At no time did DiMasi advocate with her for the award of the contract to Cognos. Nor was DiMasi the decision-maker in the matter.[1] There were therefore no circumstances in this case which gave rise to a duty on the part of DiMasi to disclose the information to Ms. Kirwan.[2] What Ms. Kirwan would have done had she known this information is therefore irrelevant to any issue in this case. The defendants' objections should therefore have been sustained.

---

[1]Neither was there a duty to disclose on Vitale's part. There is no evidence that he ever met with Ms. Kirwan relative to the award of the contract or that he ever played an advocacy role on behalf of Cognos with any representative of the Executive Department.

[2] Nor can there be any serious post-*Skilling* contention that Mr. DiMasi had a state law obligation to disclose the source of fees received through his law practice.

**III.**

According to the evidence, the last contact which DiMasi had with Ms. Kirwan was in May, 2007, three and a half months *before* Vitale was paid by Montvale relating to the ELA that was being awarded by ANF. Thus, in addition to being under no duty to disclose the information, DiMasi had no opportunity to do so, as the payment to Vitale well post-dated his last communication with Ms. Kirwan, and the contract had already been awarded to Cognos before Vitale was paid the $500,000.

**IV.**

This testimony by Ms. Kirwan should not have been admitted and was extremely prejudicial to defendants, suggesting as it did that Ms. Kirwan was expressing both a judgment on the legality of the legal fees paid to Topazio and then to DiMasi and on the legality of the Montvale $500,000 payment to Vitale and a judgment that DiMasi had a duty to disclose the information to her, as it would, she says, have affected her decision. The error must be remedied. Defendants therefore request that the Court:

1. Strike the questions and answers from the record;

2. Instruct the jury as follows:

> Ms. Kirwan's opinions as to what she would have done if she had had certain knowledge of legal fees paid to defendant DiMasi or of consulting fees paid to defendant Vitale are irrelevant. Neither defendant DiMasi nor defendant Vitale had any duty to disclose such information to her and therefore those questions and answers are to be stricken from the record, and you are not to consider them in your deliberations.

Respectfully submitted,
By their attorneys,

**/s/ Thomas R. Kiley**
Thomas R. Kiley
Cosgrove, Eisenberg & Kiley
One International Place, Suite 1820
Boston, Massachusetts 02110-2600
Tel. (617) 439-7775
Fax (617) 330-8774
trkiley159@aol.com
**Attorney for Salvatore F. DiMasi**

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
Tel. (617) 227-3700
Fax (617) 338-9538
owlmgw@att.net
**Attorney for Richard D. Vitale**

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this date, May 26, 2011, a copy of the foregoing document has been served via electronic filing upon Assistant U.S. Attorneys Theodore Merritt and Anthony Fuller, as well as counsel for all codefendants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg