UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SALVATORE F. DIMASI, )<br>RICHARD W. MCDONOUGH, )<br>and RICHARD D. VITALE, )<br>    Defendants. ) | Cr. No. 09-10166-MLW |

ORDER

WOLF, D.J.                                                  June 15, 2011

The lengthy trial of this highly-publicized case was completed today. The Boston Globe has requested that the names and addresses of the jurors now be made public. After the verdicts were returned, the court heard from the parties and members of the media concerning this request.

During the trial, the interests of justice required that the jurors not be identified in order to minimize the risk that other individuals would expose them to extra-judicial information or influences that would injure the rights of the parties to a fair trial. See United States v. Hurley (In re Globe Newspaper Co.), 920 F.2d 88, 90 (1st Cir. 1990) ("Hurley"). This is no longer a concern. Id. at 93.

At this point:

> "[A]bsen[t] . . . particularized findings reasonably justifying non-disclosure, the juror names and addresses must be made public." United States v. Hurley (In re Globe Newspaper Co.), 920 F.2d 88, 98 (1st Cir. 1990) (citing United States v. Doherty, 675 F.Supp. 719 (D. Mass. 1987)). As the First Circuit noted in Hurley, in Doherty the district court held that the "First Amendment requires disclosure of juror identities, but postpon[ed]

> disclosure for one week to protect juror privacy." <u>Id.</u> Thus, following <u>Hurley</u>, judges in this District have held that it is permissible to defer releasing the names of jurors to the media in particular, appropriate cases. <u>See</u> <u>United States v. Butt</u>, 753 F. Supp. 44 (D. Mass. 1990) (postponing disclosure for seven days); <u>Sullivan v. Nat'l Football League</u>, 839 F. Supp. 6, 7 (D. Mass. 1993) (postponing disclosure for ten days); <u>see also</u> <u>United States v. Espy</u>, 31 F. Supp. 2d 1, 2-3 (D.D.C. 1998) (postponing disclosure for seven days).

<u>United States v. Sampson</u>, 297 F. Supp. 2d 348, 348-49 (D. Mass. 2003) (deferring disclosure for seven days).

In the instant case, after a seven-week trial and three days of deliberations, the jurors found the former Speaker of the Massachusetts House of Representatives and a co-defendant guilty of crimes involving public corruption. Jurors have a legitimate interest in having their privacy protected. <u>In re Globe Newspaper Co.</u>, 920 F.2d at 93 (citing <u>Press Enterprise Co. v. Superior Court</u>, 464 U.S. 501, 510-13 (1984)). When consulted briefly, the jurors expressed a desire to have a short period of time to decompress and to reflect on whether they wish to say anything to the media.

The media, however, has a countervailing First Amendment interest in access to criminal proceedings, including the identities of the jurors who decided the case. <u>Id.</u> This interest is especially strong where, as here, the conduct of public officials is at issue. The court, therefore, must strike a balance between the legitimate competing interests of the jurors and the media. <u>Id.</u> at 98.

The convicted defendants have urged the court to delay disclosure of the jurors' identities for five days, until Monday,

June 20, 2011. The media requests immediate access to the information. The court concludes that it is most reasonable to give the jurors a single day to begin recovering from the stress of the trial and to think about what, if anything, they wish to say if contacted by the media.

Accordingly, it is hereby ORDERED that:

1. The Boston Globe's request for the names and addresses of the jurors (Docket No. 595) is ALLOWED.

2. A list of the names and addresses of each juror shall be made part of the public record in this case on June 16, 2011, at 11:00 a.m.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE