UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
         v.              )       Cr. No. 09-10166-MLW
                         )
SALVATORE F. DIMASI,     )
RICHARD W. MCDONOUGH,    )
and RICHARD D. VITALE,   )
     Defendants.         )

MEMORANDUM AND ORDER

WOLF, D.J.                                       June 16, 2011

Following the verdicts of guilty returned concerning defendants Salvatore F. DiMasi and Richard McDonough on June 15, 2011, the court scheduled their sentencings for August 18, 2011. The government and defendants have jointly moved for a postponement of the sentencings to accommodate vacation plans. As the seven-week trial of this case was arduous and planned vacations have been well-earned, the motion is being allowed.

On brief reflection, the court has several observations that should be addressed in the Presentence Report and the parties' submissions concerning sentencing. They relate to issues concerning possible Relevant Conduct and to the proper calculation of the Guideline range for each defendant.

The court must "begin sentencing proceedings by correctly calculating the applicable Guideline range." Gall v. United States, 552 U.S. 38, 49 (2007). The calculation must include any Relevant Conduct, as defined in U.S.S.G. §1B1.3. Conduct for which a defendant has been acquitted may be relied upon in sentencing if

it is proven by a preponderance of the evidence to be Relevant Conduct. See United States v. Watts, 519 U.S. 148, 149 (1997); United States v. Conley, 156 F.3d 78, 85 (1st Cir. 1998).

Defendant Richard Vitale has been acquitted of the conspiracy and other charges against him. However, in a lobby conference on June 9, 2011, that was closed to the public and media to avoid publicity that might reach and injure the impartiality of the jury, the court made the rulings required by United States v. Petroziello, 548 F.2d 20 (1st Cir. 1977) and Federal Rule of Evidence 801(d)(2)(E). It found that it was proven by a preponderance of the evidence that Vitale was a member of the conspiracy charged in this case and that he made certain statements in furtherance of it which were, therefore, admissible against all defendants. A more refined analysis, after the parties' submissions and arguments, will be required before the court decides whether particular payments to Vitale constitute Relevant Conduct for DiMasi and/or McDonough. However, it is the court's present, still tentative view that they do and, therefore, DiMasi and McDonough are responsible for them pursuant to §1B1.3.

In addition, if the court decides for sentencing purposes that DiMasi's and/or McDonough's offense involved more than one bribe or extortion, the defendant's Total Offense Level will be increased by two levels. See §2C1.1(b)(1).

How the amount of the loss should be calculated pursuant to

2

§2C1.1(b)(2) and §2B1.1 is an open, potentially important question. Lally's March 3, 2011 plea agreement calculates the Guideline range based on the "the value of the bribes," which are assumed to be between $400,000 and $1,000,000. See Mar. 3, 2011 plea agreement, ¶3(iii). However, if the loss to the government from the offense is greater than the value of anything obtained by the public official and the benefit received in return for the payment, the amount of the loss must be used to calculate the Guideline range. See §2C1.1(b)(2). Generally gain is used to calculate the Guideline range "only if there is a loss but it cannot be reasonably determined." ¶2B1.1 A.N. 3(B).

Choosing a method to calculate loss or benefit can be challenging. See, e.g., United States v. Paquette, 201 F.3d 40, 42-44 (1st Cir. 2000); United States v. Innarelli, 524 F.3d 286, 290-91 (1st Cir. 2008); United States v. Vazquez-Botet, 532 F.3d 37, 66-67 (1st Cir. 2008). However, in their testimony at trial, Governor Deval Patrick, Leslie Kirwan, and David Simas all provided evidence that indicates that the Commonwealth of Massachusetts would not have purchased a $13,000,000 license for Cognos Corporation Performance Management software if DiMasi had not used his official powers to cause an authorization for it to be included in the 2007 Immediate Needs Bond Bill and exploited his influence over the legislative process to persuade the Patrick administration to acquire the license. In addition, there was evidence at trial

3

that the Department of Education would not have spent as much as $4,500,00 for Cognos Education Data Warehouse software if DiMasi had not, in exchange for payments from Lally and/or Cognos, used his official powers to have that amount earmarked for software only in the FY 2007 budget. Accordingly, depending on the method of calculating the loss to the government, the loss in this case may arguably be more than $13,000,000. If so, §2B1.1(b)(1)(K) would provide for a 20-level increase in the Offense Level for each defendant, rather than the 14-level increase used in Lally's plea agreement.

In addition, the court does not now know whether the government contends that there is any Relevant Conduct for which DiMasi and/or McDonough is responsible other than the payments made to Vitale. It would be helpful to have this clarified soon.

Accordingly, it is hereby ORDERED that:

1. The Joint Motion to Continue Sentencing (Docket No. 603) is ALLOWED. As requested by the parties, the sentencing of DiMasi and McDonough will commence on September 8, 2011, at 10:00 a.m., and continue from day to day until concluded.

2. The government shall, by June 28, 2011, inform Probation, defendants, and the court of what, if anything, it asserts is Relevant Conduct for the purpose of calculating the Guideline ranges for DiMasi and McDonough.

3. The parties shall comply with the attached Revised

Procedural Orders Re: Sentencing. In their submissions to Probation, the parties shall address, among other things, the issues raised in this Memorandum.

Any memorandum or other information the parties request be considered by the court shall be filed by August 24, 2011. Any response to such submissions shall be filed by August 31, 2011. In their submissions, the parties shall state whether it is proposed that any witnesses testify at the sentencing hearing and, if so, identify the witnesses, the subject of their proposed testimony, and its estimated length. Copies of such submissions shall be provided to probation.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.  CRIMINAL NO 09-10166-003-MLW

RICHARD W. MCDONOUGH

Defendant(s).

REVISED PROCEDURAL ORDER
RE: SENTENCING HEARING (In the light of U.S. v.Booker)

WOLF, D.J.

A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on June 15, 2011, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

## Pre-sentence Investigation

1. a) The United States Probation Office shall commence immediately the pre-sentence investigation unless as provided in Fed. R. Crim. Pro. Rule 32(i), the court finds under Rule 32 (c) (1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record.

   b) The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the court are received.

## Statement of Relevant Facts

2. Not later than seven days after the plea or verdict [or on June 22, 2011], the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32 (d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

## Submission of Information Regarding Identifiable Victims (if applicable)

3. Not later than seven days after the plea or verdict [or on June 22, 2011 ], the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim/restitution owed to each victim pursuant to the Federal Rules of Criminal Procedure, Rule 32(c)(1)(B).

### Interview of Defendant

4. The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

   a) If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven days after the plea or within such additional time as the court may order.

   b) If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within seven days after the verdict or within such additional period of time as the court may order.

   c) If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

### Pretrial Services Responsibility

5. Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

### Date of Sentencing

6. The sentencing hearing (and sentencing) is scheduled to occur at ___10:00___ a.m. on September 8, 2011, in courtroom 10 on the 5TH floor. This date is to be not sooner than twelve weeks after the date of the plea/verdict, in order to permit the following:

   a) Probation Office shall have **seven weeks** after the date of plea/verdict for the preparation and disclosure of the initial report.

   b) Probation Office shall disclose the initial report to defense counsel and government counsel **no less than five weeks before the** sentencing hearing, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

   c) The date when disclosure has been effected to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due. It is the responsibility of the defense counsel to disclose the pre-sentence report to the defendant and to discuss it with and explain it to the defendant.

### Objections Procedure

7. **Within fourteen days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

8. The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

### Final Pre-sentence Report

9. **Not later than   September 1, 2011   (which is a date not less than seven days before the sentencing hearing)**, the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

### Hearing and Counsel's obligations

10. The Court is to hold a sentencing hearing to resolve any disputed issues.

    a)   Obligations of Counsel:   Not less than five days before the sentencing hearing [or such other time as set by the court]

    (1) **Notice:**   Counsel are to advise the Court:

    (a) whether either party will move for a departure from the applicable guideline range or will move for a non guideline sentence;

    (b) whether apart from (a), there are legal questions not adequately addressed in the presentence report or not addressed at all;

    (c) whether there are factual issues which the party contend require an evidentiary hearing. If counsel for either party contends that an evidentiary hearing is necessary they shall advise the clerk:

-3-

(i) the amount of time counsel expects would be required to complete the hearing; and

(ii) the identity of the witnesses counsel expects to call.

(2) **Memorandum:** If the parties would like to file any motions, memorandum or other pleadings for the court to consider at sentencing they shall be filed by August 24, 2011. Any responses shall be filed by August 31, 2011.

(3) **Service on Probation:** A copy of the memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer five days in advance of the sentencing hearing.

11. The schedule set forth in this Order may be modified by the Court for good cause shown.

12. Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

JUNE 16, 2011　　　　　　　　　　　　　/s/ Mark L. Wolf
**DATE**　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

cc: Counsel
　　Probation Office
　　Pretrial Services

procosen-order1.wpd

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,

v.

SALVATORE F. DIMASI

Defendant(s).

CRIMINAL NO 09-10166-001-MLW


REVISED PROCEDURAL ORDER
RE: SENTENCING HEARING (In the light of U.S. v.Booker)

WOLF, D.J.

A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on  June 15, 2011, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Pre-sentence Investigation**

1.  a) The United States Probation Office shall commence immediately the pre-sentence investigation unless as provided in Fed. R. Crim. Pro. Rule 32(i), the court finds under Rule 32 (c) (1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record.

    b) The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the court are received.

**Statement of Relevant Facts**

2.  Not later than seven days after the plea or verdict [or on  June 22, 2011], the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32 (d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

**Submission of Information Regarding Identifiable Victims (if applicable)**

3.  Not later than seven days after the plea or verdict [or on  June 22, 2011 ], the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim/restitution owed to each victim pursuant to the Federal Rules of Criminal Procedure, Rule 32(c)(1)(B).

### Interview of Defendant

4. The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

    a) If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven days after the plea or within such additional time as the court may order.

    b) If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within seven days after the verdict or within such additional period of time as the court may order.

    c) If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

### Pretrial Services Responsibility

5. Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

### Date of Sentencing

6. The sentencing hearing (and sentencing) is scheduled to occur at __10:00__ a.m. on __September 8, 2011__, in courtroom 10 on the 5TH floor. This date is to be not sooner than twelve weeks after the date of the plea/verdict, in order to permit the following:

    a) Probation Office shall have **seven weeks** after the date of plea/verdict for the preparation and disclosure of the initial report.

    b) Probation Office shall disclose the initial report to defense counsel and government counsel **no less than five weeks before the** sentencing hearing, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

    c) The date when disclosure has been effected to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due. It is the responsibility of the defense counsel to disclose the pre-sentence report to the defendant and to discuss it with and explain it to the defendant.

## Objections Procedure

7. **Within fourteen days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

8. The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

## Final Pre-sentence Report

9. **Not later than __September 1, 2011__ (which is a date not less than seven days before the sentencing hearing)**, the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

## Hearing and Counsel's obligations

10. The Court is to hold a sentencing hearing to resolve any disputed issues.

    a) Obligations of Counsel: Not less than five days before the sentencing hearing [or such other time as set by the court]

    (1) **Notice:** Counsel are to advise the Court:

    (a) whether either party will move for a departure from the applicable guideline range or will move for a non guideline sentence;

    (b) whether apart from (a), there are legal questions not adequately addressed in the presentence report or not addressed at all;

    (c) whether there are factual issues which the party contend require an evidentiary hearing. If counsel for either party contends that an evidentiary hearing is necessary they shall advise the clerk:

-3-

(i) the amount of time counsel expects would be required to complete the hearing; and

(ii) the identity of the witnesses counsel expects to call.

(2) **Memorandum:** If the parties would like to file any motions, memorandum or other pleadings for the court to consider at sentencing they shall be filed by August 24, 2011. Any responses shall be filed by August 31, 2011.

(3) **Service on Probation:** A copy of the memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer five days in advance of the sentencing hearing.

11. The schedule set forth in this Order may be modified by the Court for good cause shown.

12. Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.


JUNE 16, 2011 /s/ Mark L. Wolf
**DATE** UNITED STATES DISTRICT JUDGE


cc: Counsel
Probation Office
Pretrial Services


procosen-order1.wpd