UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )     Cr. No. 09-10166-MLW
                            )
SALVATORE F. DIMASI and     )
RICHARD W. MCDONOUGH,       )
     Defendants.            )

ORDER

WOLF, D.J.                                         June 24, 2011

The court has received defendant Salvatore DiMasi's June 23, 2011 Motion for CJA Funds for Trial Transcripts (the "Motion"). DiMasi requests that the trial testimony of Steven Topazio and Joseph Lally be prepared on an expedited basis for use in connection with DiMasi's motions for acquittal or a new trial, which are due by June 30, 2011. DiMasi also requests the preparation of transcripts of all other pretrial and trial proceedings. DiMasi's convicted codefendant Richard McDonough, who has retained rather than court-appointed Criminal Justice Act counsel, has not ordered any transcripts.

The stenographer has informed the court that it is not possible to prepare the requested expedited transcripts before the June 30, 2011 deadline for the filing of the motions for acquittal or a new trial, which the court does not intend to extend. Moreover, the court questions whether the full transcripts of the testimony of Lally and Topazio are necessary to the preparation of those motions by DiMasi's trial counsel. Therefore, the request

for expedited transcripts is hereby DENIED without prejudice to those transcripts being prepared at the regular pace and price.

To the extent DiMasi requests all transcripts on the stenographer's outline, which was appended to the Motion, that request is hereby ALLOWED.[1]  It is in the interest of justice to have the preparation of the transcripts needed for appeal begin promptly in order to minimize the time necessary for this case to be resolved.  In preparing the requested transcripts, priority should be given to transcripts of the trial and to transcripts of any pretrial proceedings designated by DiMasi, on or before June 29, 2011, as particularly important.

If, as DiMasi's counsel focuses on preparing his post-trial and appellate submissions, they conclude that transcripts of certain proceedings are not necessary, they shall notify the stenographer forthwith so that Criminal Justice Act funds will not be unnecessarily expended.

The government and McDonough are reminded that if they want copies of any or all of the transcripts, they must obtain them from

---

[1] The stenographer shall, as requested by DiMasi, prepare transcripts of the proceedings which were closed to the public. Those transcripts are hereby SEALED.  The parties may move to unseal any or all of them.  If information under seal is included in any submission, it shall be filed initially under seal and a redacted copy shall be filed for the public record.  As the fair trial interests that were the justification for closing some of the proceedings are no longer operative, submissions made under seal because of references to such proceedings shall include a statement of whether the impoundment of the submission is necessary.

the stenographer at their own expense.

                                          /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE