UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 09-CR-10166-MLW |
| | ) |
| SALVATORE F. DiMASI, | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S OPPOSITION TO SALVATORE F. DIMASI'S
MOTION FOR RECOMMENDATION TO REMAIN IN FIRST CIRCUIT
JUDICIAL DISTRICT TO ASSIST IN PREPARATION OF HIS BRIEF**

The government opposes defendant Salvatore F. DiMasi's Motion for Recommendation to Remain in First Circuit Judicial District to Assist in Preparation of His Brief on two principal grounds. *See* Docket No. 722 (the "Motion"). First, the cost to the United States Marshals Service (the "USMS") of housing the defendant and providing for his medical care at the privately-owned Donald W. Wyatt Detention Facility ("Wyatt") during what is sure to be a lengthy appeals process would be substantial and burdensome. Second, the Motion is not supported by evidence that the defendant's placement at the Federal Medical Facility in Lexington, Kentucky ("FMC Lexington") has prevented or will prevent the defendant from assisting in the preparation of his appeal.

A.  **Background**

In June 2011, Salvatore F. DiMasi ("DiMasi") was convicted of honest services mail and wire fraud, extortion under color of official right, and conspiracy to commit those crimes. In September 2011, this Court sentenced DiMasi to eight years in the

custody of the United State Bureau of Prisons (the "BOP").  *See* Docket No. 674.  The Court denied DiMasi's request for a stay of his sentence pending appeal (*see* Docket Nos. 632, 669), but granted DiMasi's Motion for a Judicial Recommendation that he be incarcerated at Federal Medical Center Devens ("FMC Devens") because of DiMasi's medical condition and the medical condition of his wife (*see* Docket No. 657; 9/9/2011 Electronic Order).

The BOP ultimately designated DiMasi to FMC Lexington after a thorough evaluation of DiMasi's needs and those of the BOP. Dissatisfied with his placement, DiMasi asked the Court to revoke its judicial recommendation because his placement in Kentucky made it difficult for his wife to visit.  *See* Docket No. 709.  The Court denied DiMasi's motion.  *See* Docket No. 712.

DiMasi began serving his eight-year sentence at FMC Lexington in November 2011, but, since February 9, 2012, has temporarily been in the custody of the USMS at Wyatt for a matter unrelated to this case.  DiMasi now seeks to prevent his return to FMC Lexington when the reason for his temporary custody at Wyatt no longer exists, purportedly so that he can assist his attorneys preparing his appeal.  Despite having filed two motions regarding his BOP placement, this is the first time DiMasi has said that he needs to be located close to his appellate lawyers.

**B.   Argument**

Rule 38(b)(2) of the Federal Rules of Criminal Procedure provides that where a defendant has not been released pending appeal, "the court *may* recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." (Emphasis added). While the Court has discretion to recommend a change in a defendant's place of confinement, the Court is not required to make such a recommendation, especially where – as here – the costs and logistics involved in the defendant's preferred placement are great and the defendant has failed to make a specific showing of actual inability to confer with counsel. *See, e.g., United States v. Smith*, 826 F.Supp. 1282, 1283 (D. Kan. 1993).

Like DiMasi, the defendant in *Smith* was designated to serve her sentence at a BOP facility in Lexington, Kentucky while her appeal was pending in another state. The court rejected Smith's request to recommend a transfer back to Kansas where her appeal was pending, finding that the costs to the USMS of housing the defendant pending appeal would be great, and that the defendant "ha[d] not made any particularized showing that she needs to be in constant contact with her attorneys to perfect her appeal." *Smith*, 826 F.Supp. at 1283.

DiMasi's bald assertion that the costs of keeping him at Wyatt

3

"are minimal as compared to the situation in *Smith*" is simply wrong, as is his presumption that "there will be no additional cost" for DiMasi to remain at Wyatt since he has already been transported from Kentucky. *See* Motion at 3, 4.  In fact, the costs involved in housing DiMasi at Wyatt are similar if not more than the costs which the *Smith* court found burdensome.

Wyatt is a publically-owned and privately run detention facility under contract to the USMS.  *See* Declaration of Kevin Neal ("Neal Decl."), ¶ 4.  It costs the USMS $101.76 per day to house DiMasi at Wyatt.  *Id.; compare Smith*, 826 F.Supp. at 1283 (cost to USMS was $1,000 for week to ten days and $6,000 for additional two months).  More significantly, while the contract with Wyatt includes basic medical care, it does not include the sort of specialized medical care that DiMasi requires and receives at the FMC Lexington and which was, in part, the justification for his original designation. *See* Neal Decl., ¶ 4.  Specifically, DiMasi has been diagnosed with artery disease, atrial fibrillation, and coronary arterial sclerosis.  *See* Docket No. 657.  He has previously suffered a heart attack and must take a number of drugs that require careful monitoring by medical professionals.  *Id.*  The longer DiMasi stays at Wyatt, the greater the likelihood that the USMS will incur additional costs, including transportation costs in the amount of $46 per hour plus the cost of treatment to ensure he receives the appropriate medical care. *See* Neal Decl., ¶¶ 5, 6.

To house DiMasi at Wyatt while his appeal is pending would impose a significant financial and logistical burden on the USMS. The transcripts from the proceedings in the District Court are not due to be filed until March 19, 2012. Even assuming none of the parties requests a continuance, the appeal would not be fully briefed until the end of June 2012. *See* Fed.R.App.P. 31(a)(1) (appellant's brief is due 40 days after record is filed; appellee's brief is due 30 days after appellant's brief; and reply brief is due 14 days after appellee's brief). More likely than not, given the voluminous district court record, both parties will request continuances of the briefing schedule which could draw the process into at least October 2012. Whether it is June or October, the costs to the USMS for housing DiMasi at Wyatt and ensuring he receives proper medical treatment will be significant.

Moreover, DiMasi's Motion is not supported by evidence that his confinement at FMC Lexington has prevented him from assisting in the preparation of his appeal. Courts are critical of Rule 38(b)(2) motions which fail to provide specific evidence of the defendant's inability to meet with counsel and his need to be in constant contact with counsel. *See, e.g., Smith*, 826 F.Supp at 1283; *United States v. Stassi*, 411 F.Supp. 852, 853 (S.D.N.Y. 1976) (rejecting motion for recommendation which was not supported by affidavit of defendant; defendant failed to establish financial burden, *inter alia*).

5

Notably absent from DiMasi's Motion is an affidavit establishing that his attorneys cannot visit him in Kentucky. While DiMasi has been appointed counsel under the Criminal Justice Act, there is no evidence that DiMasi's attorney has asked the Court for funds to travel to Kentucky to meet with DiMasi, nor is there any evidence that the Court has denied such a motion.

Also missing from DiMasi's Motion is any assertion that DiMasi and his attorneys have had difficulty communicating while DiMasi was at FMC Lexington. Although DiMasi argues that, because he is an attorney himself, his "input on the issues that will be argued on appeal are very helpful to Counsel representing [him]," he does not suggest that he cannot offer that input by telephone, e-mail or letter while incarcerated in Kentucky. Motion at 2. Without specific evidence that DiMasi's placement at FMC Lexington has prejudiced his right to assist in the preparation of his appeal, the Court should not impose additional costs and burdens on the USMS. The potential inconvenience that travel or telephone conferences pose to DiMasi and his counsel cannot outweigh the substantial burden DiMasi's request would place on the USMS.

This is DiMasi's third request for judicial intervention as to his BOP designation. In a departure from the Court's "usual practice of not making a recommendation to the Bureau of Prisons concerning where a sentence should be served," the Court granted DiMasi's first request and recommended that he serve his sentence

6

...

at FMC Devens based on DiMasi's medical condition and the medical needs of his wife.  *See* Docket No. 712, at 1.  However, the Court declined to intervene a second time when DiMasi asked for rescission of the FMC Devens recommendation because FMC Lexington was too far from his wife.

Whatever occupation or legislative office DiMasi previously held, he now stands before this Court a convicted felon whose case is on appeal to the First Circuit.  In that regard, DiMasi is no different from the countless other convicted felons pursuing the appeal process across the country in prisons located far from their families and their appellate attorneys.  Like a postponement of DiMasi's sentence, a recommendation that the USMS use public funds to house DiMasi closer to his attorneys – and coincidentally closer to his family – would "encourage the perception that those who were previously powerful receive preferential treatment in federal court."  *See* Docket No. 712.  Nothing in DiMasi's Motion justifies "such an injury to the administration of justice."  *Id.*

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion.

Respectfully submitted,

CARMEN ORTIZ
United States Attorney

Date: March 6, 2012         By: <u>/s/Kristina E. Barclay</u>
                                S. Theodore Merritt
                                Kristina E. Barclay
                                Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/Kristina E. Barclay</u>
Kristina E. Barclay
Assistant United States Attorney

Date: March 6, 2012