```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA   )
                           )
     v.                    )     Cr. No. 09-10166-MLW
                           )
SALVATORE F. DIMASI,       )
     Defendant.            )


MEMORANDUM AND ORDER

WOLF, D.J.                                          March 12, 2012

In June, 2011, defendant Salvatore F. DiMasi, the former Speaker of the Massachusetts House of Representatives, was convicted of honest services mail and wire fraud, extortion under color of official right, and conspiring to commit those crimes. In September, 2011, the court sentenced DiMasi to serve eight years in prison and, because of DiMasi's medical conditions, recommended that he serve that sentence at Federal Medical Center Devens in Massachusetts. The court denied Dimasi's request to be released pending appeal and the First Circuit affirmed that decision. Despite the court's recommendation, the Bureau of Prisons designated the Federal Medical Center at Lexington, Kentucky as the institution at which DiMasi would serve his sentence. After the court denied his request for a second postponement, DiMasi began serving his sentence in Kentucky on November 30, 2011.

The government reports that, "since February 9, 2012, [DiMasi] has temporarily been in the custody of the [United States Marshals Service] at [the federal detention facility] at Wyatt, [in Rhode Island] for a matter unrelated to this case . . . [and that] the

reason for his temporary custody at Wyatt no longer exists." Gov. Opposition to Salvatore DiMasi's Motion for Recommendation to Remain in First Circuit Judicial District to Assist in Preparation of His Brief at 2. DiMasi, however, has asked this court to recommend to the Attorney General, pursuant to Federal Rule of Criminal Procedure 38(b)(2), that he remain in Wyatt to enhance his ability to work with his lawyers on his appeal to the First Circuit. The government opposes this request.

Rule 38(b)(2) states that:

> If the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal.

Therefore, the court has the authority to make the recommendation that DiMasi requests, which the Attorney General might or might not follow. See United States v. Smith, 826 F. Supp. 1282, 1283 (D. Kan. 1993); United States v. Stassi, 411 F. Supp. 852, 853 (S.D.N.Y. 1976).

Such a recommendation would, however, be at least unusual. The parties have not cited a case in which a request for a Rule 38(B)(2) recommendation has been granted. See Smith, supra; Stassi, supra. This court does not recall ever receiving, let alone granting, such a request.

DiMasi has not demonstrated any distinctive need to remain in the First Circuit pending the preparation of his appeal and the

2

government has provided persuasive reasons to deny his request. DiMasi's appellate counsel represented him at trial, and are fully familiar with both the trial record and the legal issues presented. There is, therefore, no special need for counsel to have easy access to DiMasi. Compare Stassi, 411 F. Supp. at 853 (request for a Rule 38(B)(2) recommendation denied despite the fact that defendant's "newly retained attorney [made] an eloquent plea on the theory that he could not adequately prepare the appeal without frequent contact with his client."). Nor has DiMasi shown that he cannot adequately communicate with his attorneys by telephone and/or email.

In contrast, the government argues that the Federal Medical Center in Lexington, Kentucky is better equipt than Wyatt to deal with DiMasi's medical conditions and has provided evidence that it will be much less costly to house him there. See Declaration of Kevin Neal; see also Smith, 826 F. Supp. at 1283.

In addition, in November, 2011, this court denied DiMasi's motion for a second postponement of the commencement of his sentence, stating that granting the request: "would be unusual and, in this case, would understandably encourage the perception that those who were previously powerful receive preferential treatment in federal court. The court has considered DiMasi['s] . . . claims. It concludes . . . that any countervailing considerations are not sufficient to justify such an injury to the administration

3

of justice." This reasoning is equally applicable to the pending motion.

Therefore, it is hereby ORDERED that Salvatore F. DiMasi's Motion for Recommendation to Remain in First Circuit Judicial District to Assist in Preparation of His Brief (Docket No. 722) is DENIED.

                                                /s/ MARK L. WOLF
                                           UNITED STATES DISTRICT JUDGE