UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Cr. No. 09-10166-MLW |
| | ) |
| SALVATORE F. DIMASI, | ) |
| Defendant. | ) |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                    October 28, 2016

The court has read the October 27, 2016 responses of the government and defendant Salvatore DiMasi to the October 17, 2016 Memorandum and Order concerning the October 13, 2016 Government's Motion to Reduce Terms of Imprisonment to Time Served (the "Motion"), which was filed pursuant to 18 U.S.C. §3582(c)(1)(A)(i). The court has also read the August 17, 2016 Supervised Release Plan and August 9, 2016 Federal Bureau of Prisons ("BOP") Progress Report, which are attached hereto under seal.[1]

The attached Progress Report indicates, at page 4, that there are now no medical restrictions on DiMasi's fitness for regular duty in prison. On page 14 it states that he is in "Medical Care Level II (Chronic care-stable)." The court understands that the

---

[1] The attached documents are sealed, at least temporarily, because the court has not had time to decide whether any redactions are justified.

BOP provides four levels of medical care, with Level 4 being the most intensive. Reportedly, "Level 2 prisoners are medically stable, but may have chronic conditions under good control and can manage independently with quarterly status reviews . . . ." Alan Ellis, BOP Designations Based on Medical Need, 23 Criminal Justice Magazine 3, Fall 2008, at 60, available at http://www.americanbar.org/publications/criminal_justice_magazin e_home/crimjust_cjmag_23_3_home.html.

The parties' October 27, 2016 submissions indicate that the Motion is based on DiMasi's serious difficulties in swallowing food, which the parties represent is becoming worse. The Progress Report, however, suggests that DiMasi's condition is "stable" and not now interfering with his ability to function in prison except with regard to his ability to eat – which the court recognizes is a serious problem. .

The parties report that DiMasi's request for a motion seeking a reduction in his sentence was until recently repeatedly denied at various levels of the BOP. They state that barium swallow studies conducted in June 2014 and August 2016 demonstrated a deterioration of DiMasi's ability to swallow and that he is not likely to improve with conventional treatment. It would be helpful if the government would clarify whether it was these studies that prompted it to file the Motion and, in any event, to provide the court with the records on which that decision was based.

2

As explained in the October 17, 2016 Memorandum and Order at 2, in deciding the Motion the court must consider the applicable factors set forth in 18 U.S.C. §3553(a). See 18 U.S.C. §3582(c)(1)(A)(i). Those factors include, but are not limited to, "the need to avoid unwarranted sentence disparities" and the related need to "promote respect for the law." 18 U.S.C. §3553(a). The government has not, however, addressed whether or not it is its practice to grant requests for motions for reduction in sentence on behalf of other elderly inmates with medical conditions comparable to DiMasi's, including others with Level 2 medical designations.

In addition, the government argues that, "[t]here is no evidence, and no reason to believe, that [the BOP's] decision to file a motion for compassionate release in this case 'was influenced by DiMasi's former status as Speaker of the Massachusetts House of Representatives or the stature of some of those who may be advocating for his release.'" Docket No. 881 at 9 (quoting Oct. 17, 2016 Mem. and Order at 4). This statement suggests, among other things, that the Department of Justice, including but not limited to the BOP, did not receive communications concerning DiMasi from one or more public officials. It would be helpful to have this suggestion confirmed, clarified, or corrected. As the court wrote in the October 17, 2016 Memorandum and Order at 4, the related issues of whether

3

DiMasi has been treated by the BOP more favorably than other older inmates with comparable medical problems and whether any public officials have supported his request for release are "important to whether a reduction of sentence would reasonably be viewed as a form of unwarranted disparity based on power or privilege, which would injure respect for the law, a relevant §3353(a) factor the court is required to consider."

In addition, DiMasi has not addressed the issue raised in the October 17, 2016 Memorandum and Order, at 5 and fn. 2, concerning "whether, if the court allows the Motion, the terms of DiMasi's Supervised Release imposed in 2011 should be modified," possibly by adding a condition requiring home detention.  See, e.g., Fed. R. Crim. P. 32.1(b), Advisory Committee Notes (1979) ("conditions should be subject to modifications, for the sentencing court must be able to respond to changes in the [defendant's] circumstances").

The court has given high priority to the Motion.  It has quickly raised the foregoing questions in an effort to make the November 1, 2016 hearing as valuable as possible, and to maximize the possibility of a decision on the Motion that is both properly informed and prompt.

In view of the foregoing, it is hereby ORDERED that:

1.    The government shall, by October 31, 2016, at 1:00 p.m.: file the medical records and other documents on which the BOP relied in reversing its earlier denial(s) of DiMasi's request(s)

4

and filing the Motion; and address the other issues discussed in this Memorandum.

2.    DiMasi shall, by October 31, 2016, at 1:00 p.m.: file the medical records he represents reflect a recent deterioration of his health and ability to function in prison; and address the other issues discussed in this Memorandum.

3.    Darrin Howard, Esq. shall attend the November 1, 2016 hearing and be prepared to address possible questions concerning his October 27, 2016 affidavit.


UNITED STATES DISTRICT JUDGE